In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00026-CR
______________________________


DARNANN BAYNE DAVIS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 15,395-97


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter


O P I N I O N

I. Procedural and Factual History
            Darnann Bayne Davis pled guilty on April 27, 1998, to injuring a child. See Tex. Pen. Code
Ann. § 22.04 (Vernon 2003). Pursuant to a negotiated plea agreement, the trial court found the
evidence substantiated Davis' guilt, but deferred a finding of guilt and placed Davis on community
supervision for six years. 
            On July 14, 2000, the State filed its first motion to adjudicate Davis' guilt. The next month,
the trial court appointed psychologist Dr. Barry Rath to evaluate Davis' competency to stand trial. 
See Tex. Code Crim. Proc. Ann. art. 46.02, § 4(a) (Vernon Supp. 2004). A jury trial on Davis'
competency was conducted in October 2000. The jury found Davis incompetent to stand trial. See
Tex. Code Crim. Proc. Ann. art. 46.02, § 1A(a)(1), (2) (Vernon Supp. 2004). Accordingly, the trial
court sent Davis to Vernon State Hospital for psychiatric treatment. 
            By early January 2001, officials at Vernon determined Davis had regained competency to
stand trial. Davis was returned to Wood County, where a subsequent jury was selected and agreed
that Davis' competency had been restored. Rather than return to proceedings on the State's motion,
the trial court continued Davis' community supervision.
            On July 10, 2001, the State filed a new motion to adjudicate Davis' guilt, later amending that
motion July 24, 2002. The trial court did not begin hearing testimony on the State's amended motion
until almost five full months later—nearly seventeen months after the State filed the primary motion
to adjudicate in 2001. When the trial court ultimately ruled on January 14, 2003, it found Davis had
violated his conditions of community supervision, adjudicated his guilt, and sentenced him to three
years' imprisonment. 
II. Analysis of the Issues Presented
            On appeal to this Court, Davis first contends the trial court erred by failing to empanel a jury
to determine Davis' competency. Davis then asks us to find that the trial court committed reversible
error by refusing to admit a videotape of Davis' trial testimony as part of a bill of exception. 
            A. Evidence of Incompetency Amidst a Hearing on a Motion To Adjudicate Guilt
            Davis first contends the trial court erred by failing to empanel a jury pursuant to Tex. Code
Crim. Proc. Ann. art. 46.02, § 4, after evidence was brought forth during the hearing on the motion
to adjudicate guilt that, according to Davis, suggests he was incompetent to stand trial. Though not
raised by either party in the briefing, we must first decide whether we have jurisdiction to address
this issue. See Smith v. State, 91 S.W.3d 407, 408 (Tex. App.—Texarkana 2002, no pet.) (filing of
notice of appeal invokes appellate court's jurisdiction at least to the extent the court may determine
whether it has jurisdiction over the merits of points of error).
            The United States Constitution does not guarantee a criminal defendant the right to appeal
a conviction. McKane v. Durston, 153 U.S. 684, 687 (1894). Nor does the Texas Constitution
provide such a right. Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). Instead, a
defendant's right to appeal a criminal conviction in Texas "is only as provided by the legislature." 
Id. As it relates to the case now before us, the Texas Legislature has expressly stated that a
defendant may not appeal a trial court's decision to proceed to an adjudication of guilt. See Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004); Connolly v. State, 983 S.W.3d 738,
741 (Tex. Crim. App. 1999); Cooper v. State, 2 S.W.3d 500, 502 (Tex. App.—Texarkana 1999, pet.
ref'd). The Legislature's prohibition includes all complaints attaching to the trial court's decision to
proceed to an adjudication of guilt, except for those challenges to the trial court's jurisdiction or
issues related to proceedings following the adjudication decision. See, e.g., Nix v. State, 65 S.W.3d
664, 667–68 (Tex. Crim. App. 2001) (recognizing applicability of "void judgment" exception to the
deferred adjudication proceedings); Fluellen v. State, 71 S.W.3d 870, 872 (Tex. App.—Texarkana
2002, pet. ref'd) (defendant whose guilt was adjudicated may appeal issues relating to sentencing).
            In the case now on appeal, Davis argues the trial court should have suspended the
adjudication hearing and empaneled a jury to determine his competency. Several intermediate
appellate courts have already visited the issue of whether such a claim may be reviewed on direct
appeal. In Arista v. State, 2 S.W.3d 444 (Tex. App.—San Antonio 1999, no pet.), the Fourth Court
of Appeals found it lacked jurisdiction, within the context of an appeal of a trial court's decision to
adjudicate guilt, to consider the issue Davis now raises. Similarly, the Fifth, Seventh, and Eleventh
Courts of Appeals have each held they lacked jurisdiction to consider whether a trial court erred by
not empaneling a competency jury amidst a hearing on whether to adjudicate a defendant's guilt. See
Nava v. State, 110 S.W.3d 491 (Tex. App.—Eastland 2003, no pet.); see also Henderson v. State,
No. 05-03-00815-CR, 2004 Tex. App. LEXIS 2752 (Tex. App.—Dallas Mar. 26, 2004, no pet. h.)
(not designated for publication); Sanders v. State, No. 07-00-0519-CR, 2001 Tex. App. LEXIS 6882
(Tex. App.—Amarillo Oct. 11, 2001, no pet.) (not designated for publication).


 
            Only the Waco Court of Appeals has held it had jurisdiction to address the issue now before
this Court. In Marbut v. State, 76 S.W.3d 742 (Tex. App.—Waco 2002, pet. ref'd), the defendant
pled guilty to theft by check; the trial court deferred a finding of guilt and placed her on community
supervision. Id. at 746. After repeated violations of her community supervision, the trial court
adjudicated the defendant's guilt and sentenced her to eighteen months in a state jail facility. Id. On
appeal, she contended the trial court should have sua sponte conducted a competency inquiry
because testimony about her mental illness brought her competency into question. Id. The Tenth
Court of Appeals held Marbut's issues on appeal pertaining to the validity of the proceedings
whereby her guilt was adjudicated did not pertain to the trial court's decision or determination to
adjudicate guilt, and therefore the court had jurisdiction to consider them. Id. at 747.
            More recently, however, in Emich v. State, No. 10-02-00319-CR, 2004 Tex. App. LEXIS
2597, at *7–8 (Tex. App.—Waco Mar. 17, 2004, no pet.), the Waco Court of Appeals held it lacked
jurisdiction to consider (1) whether the State presented sufficient evidence that a defendant violated
the terms of his deferred community supervision, and (2) whether the motion to adjudicate guilt was
ever served on the defendant or his counsel in violation of procedural notice requirements. The
Emich court held both issues were directly related to the trial court's decision to proceed to an
adjudication of guilt, over which the court lacked authority to review. Id. The Emich court also
cited Eastland's opinion in Nava for the proposition that a denial of a competency inquiry cannot be
raised on direct appeal from a trial court's decision to proceed to an adjudication of guilt. Id. at *5–7. 
The Waco court's decision in Emich did not expressly address the continued viability of Marbut.
            After reviewing the opinions of our sister courts, we respectfully disagree with the analysis
presented in Marbut and conclude this Court lacks jurisdiction to consider the merits of Davis' first
point of error. The Texas Legislature has expressly prohibited Texas appellate courts from reviewing
issues relating to a trial court's decision to proceed to an adjudication of guilt. "A competency
complaint under the circumstances here does not challenge the trial court's jurisdiction to adjudicate
a defendant's guilt[,] but rather asserts reversible (but not jurisdictional) trial court error in the
process of adjudication." Henderson, 2004 Tex. App. LEXIS 2752, at *6. Counsel's request for a
jury to determine competency clearly occurred during the hearing to determine the merits of the
State's motion to adjudicate guilt. Cf. id. Given these facts, we must conclude any alleged error
occurred during the process of determining whether to proceed to an adjudication of guilt. See
Connolly, 983 S.W.2d at 741 (referencing G. Dix & R. Dawson, Texas Criminal Practice And
Procedure § 43.117 (1995)). Under Article 42.12, Section 5(b), we are without jurisdiction to
consider Davis' first point of error. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.
2004).
            B. Submitting a Videotape of Davis' Testimony as Part of the Bill of Exception
            In his second point of error, Davis contends the trial court erred by refusing to allow Davis'
attorney to submit a videotape of Davis' testimony for review by this Court as part of a bill of
exception. Davis contends the videotape would support his claim he was incompetent to stand trial. 
As Davis' second issue also relates to the trial court's decision to proceed to an adjudication of guilt,
for the reasons stated above, we find we lack jurisdiction to consider this point of error.
            Accordingly, we dismiss the appeal for want of jurisdiction.



                                                                        Jack Carter
                                                                        Justice

Date Submitted:          May 12, 2004
Date Decided:             May 28, 2004

Publish