**Rene NAVA, Appellant,**

v.

**STATE of Texas, Appellee.**

Nos. 11–02–00219–CR, 11–02–00220–CR.

Court of Appeals of Texas, Eastland.

May 15, 2003.

John G. Tatum, Richardson, for appellant.

Bill Hill, Dist. Atty., Criminal District Attorney–Appellate·Section, Dallas, for appellee.

Panel consists of: WRIGHT, J., and McCALL, J., and McCLOUD, S.J.*

### Opinion

AUSTIN McCLOUD, Senior Justice (Retired).

In a consolidated trial, Rene Nava pleaded guilty to two offenses of aggravated assault with a deadly weapon. Negotiated plea agreements were reached, and the trial court placed appellant on deferred adjudication community supervision for 10 years and assessed a $2,000 fine in each case.

Thereafter, the State moved to adjudicate appellant's guilt. Appellant pleaded true to violating the conditions of his community supervision, and the trial court adjudicated appellant's guilt and assessed his punishment at confinement for 15 years in each case. Appellant appeals the judgments adjudicating his guilt in each case. We will dismiss the appeals in both cases because we have no jurisdiction.

In a single point of error in each case, appellant contends that the trial court erred in failing to sua sponte "inquire" into appellant's competency to stand trial after the issue was raised. Appellant relies upon the testimony of appellant that he went to "CATS" for a psychiatric evaluation and that CATS made an appointment for him for a second appointment that he did not keep because he did not have transportation.

TEX. CODE CRIM. PRO. ANN. art. 42.12, § 5(b) (Vernon Supp.2003) states that on violation of a condition of deferred adjudication community supervision:

> The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination.

Appellant cites the majority opinion in *Marbut v. State*, 76 S.W.3d 742 (Tex.App.-Waco 2002, pet'n ref'd), to support his argument that we have jurisdiction to decide the issue. The court in *Marbut*, when confronted with the issue before us, relied upon TEX. CODE CRIM. PRO. ANN. art. 46.02, § 4(a) (Vernon Pamph Supp.2003) (Incompetency to stand trial) and TEX. CODE CRIM. PRO. ANN. art. 42.07 (Vernon Supp.2003) (Preventing pronouncement of sentence if defendant is incompetent to stand trial). The court in *Marbut* also relied upon *Gilbert v. State*, 852 S.W.2d 623, 626 (Tex.App.-Amarillo 1993, no pet'n).[1] The *Marbut* court held that

---

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. We note that the Amarillo Court in *Sanders v. State*, No. 07–00–0519–CR, 2001 WL 1217313 (Tex.App.-Amarillo Oct. 11, 2001, no pet'n)(not designated for publication), citing

the question of competency to stand trial pertained to the validity of the "proceedings" whereby the defendant's guilt was adjudicated and the defendant was sentenced to prison. The court held that the competency issue did not pertain to the trial court's decision (determination) to adjudicate the defendant's guilt. Therefore, the *Marbut* court held it had jurisdiction to determine the issue. The court then reviewed the evidence and held that the evidence was insufficient to create a bona fide doubt as to the defendant's competency to stand trial.

When confronted with the issue presented in our case and in *Marbut,* the court in *Arista v. State,* supra, declined to follow *Gilbert* and held that, under Article 42.12, section 5(b), the court had no jurisdiction to hear a complaint that the trial court erred by failing to hold a competency hearing.

We conclude that *Arista* is the correct holding, and we decline to follow *Marbut.* The court in *McDaniel v. State,* 98 S.W.3d 704, 706, 710 (Tex.Cr.App.2003), recently stated that a trial judge:

> [N]eed not perform a "competency inquiry" unless evidence is presented that raises a bona fide doubt in the judge's mind regarding the defendant's "present ability to consult with [his] lawyer with a reasonable degree of rational understanding" or his "rational as well as factual understanding of the proceedings against [him]."

The court added:

> A Section 2 or "competency inquiry" is required only if the evidence brought to the judge's attention raises a bona fide doubt in the judge's mind about the defendant's competency to stand trial.

*Connolly v. State,* 983 S.W.2d 738, 741 (Tex. Cr.App.1999), and *Arista v. State,* 2 S.W.3d 444, 445–46 (Tex.App.-San Antonio 1999, no

We hold that the prohibition in Article 42.12, section 5(b) that there be "No appeal" taken from the determination by the trial "court of whether it proceeds with an adjudication of guilt on the original charge" does not permit an appellate court to review the evidence to determine if the evidence "brought to the judge's attention" raises a "bona fide doubt" as to a defendant's competency to stand trial. See *Connolly v. State,* supra.

We dismiss the appeals for lack of jurisdiction.

pet'n), expressly disapproved of the earlier holding in *Gilbert.*