In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-470 CR


____________________



REGINALD JONES, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 159th District Court


Angelina County, Texas


Trial Cause No. 22,317






OPINION


 Reginald Jones pleaded guilty to the felony offense of family violence assault. See
Tex. Pen. Code Ann. § 22.01(a)(1), (b)(2) (Vernon 2003). In accordance with a plea
bargain agreement, the trial court placed Jones on community supervision for five years.
The State subsequently filed a motion to proceed with an adjudication of guilt. Jones
pleaded "not true" to the allegations. The trial court found that Jones violated the terms
of the community supervision order by failing to timely report to his community
supervision officers. After conducting a sentencing hearing, the trial court convicted Jones
and sentenced him to seven years of confinement in the Texas Department of Criminal
Justice, Institutional Division. Jones filed a pro se general notice of appeal and retained
appellate counsel. He presents three issues on appeal. 

 To invoke appellate jurisdiction, notices of appeal filed before January 1, 2003, in
plea-bargained cases must comply with the notice requirements of former Rule 25.2(b)(3). 
Johnson v. State, 84 S.W.3d 658, 660 (Tex. Crim. App. 2002). The trial court conducted
three hearings in this case: (a) on September 20, 2001, it received the appellant's guilty
plea, deferred adjudication of guilt, and placed the appellant on community supervision;
(b) on September 24, 2002, it heard the State's motion to adjudicate guilt and found some,
but not all, of the State's allegations to be true, revoked community supervision, and
ordered a presentence investigation report; and (c) on November 19, 2002, it heard
additional evidence, adjudicated guilt, convicted Jones, and imposed sentence. As recently
noted by Judge Onion in Lopez v. State, 96 S.W.3d 406, 414 (Tex. App.--Austin 2002,
pet. ref'd), a plea of guilty in a bench trial results in a unitary trial in which the issues of
guilt and punishment are submitted at the same time. Because Jones received deferred
adjudication as part of a plea bargain agreement, however, our jurisdiction extends only
to those issues that are unrelated to the conviction. See Vidaurri v. State, 49 S.W.3d 880,
885 (Tex. Crim. App. 2001). 

 First, Jones argues that his sentence was unlawful "because he was incompetent to
stand trial." Assuming arguendo that the issue raised falls within the narrow scope of
issues cognizable in an appeal from a conviction following deferred adjudication of guilt, (1)
we hold the trial court did not err in failing to impanel a jury to determine appellant's
competency. See Tex. Code Crim. Proc. Ann. art. 46.02, § 4(a) (Vernon Supp. 2003). 
A trial judge need not perform a competency inquiry (2) unless evidence is presented that
raises a bona fide doubt in the judge's mind regarding the defendant's present ability to
consult with his lawyer with a reasonable degree of rational understanding or the
defendant's rational as well as factual understanding of the proceedings. McDaniel v.
State, 98 S.W.3d 704, 710 (Tex. Crim. App. 2003). When a bona fide doubt does exist,
the trial court must conduct a competency inquiry to determine if there is "some evidence"
to support a finding of incompetency, and, if so, to commence a Section 4 hearing before
a jury. Id. In this case, the trial court questioned Jones extensively during the first
hearing after receiving an affirmative response to a question of whether Jones had ever
been committed to a mental institution. At the conclusion of the second hearing, Jones told
the court that he had attempted suicide while on community supervision. The trial court
expressed concern over the possibility of mental health issues, but defense counsel
admitted that Jones had "been able to assist in his defense." Before the final hearing,
defense counsel filed a motion for a mental health status evaluation that alleged that
defense counsel was not qualified to evaluate whether Jones was competent to stand trial,
but did not allege that Jones was in fact incompetent. The trial court ordered an
examination, but the presentence investigation report (3) noted that the examination did not
occur because Jones refused to see the psychologist. After the hearing concluded, Jones
read aloud a statement in which he claimed that he had previously used medical records
from "1993 SSI and Disability to prove incompetency." The same statement included
what Jones asserted was a doctor's recital that "in [the doctor's] opinion the patient is not
mentally ill[.]" It appears the trial court made an informal competency inquiry that did not
reveal evidence of recent severe mental illness, moderate retardation, or truly bizarre acts
by the defendant. In this case as in McDaniel, the trial court satisfied itself that the
defendant understood the nature of the proceedings and assisted defense counsel in his
defense. Issue one is overruled.

 Issue two urges that the sentence is unlawful because Jones received ineffective
assistance of counsel due to counsel's failure to object to the admission of two prior
offenses: 1) a judgment which Jones had challenged by filing a petition for a writ of habeas
corpus; (4) and 2) a deferred adjudication order placing Jones on community supervision for
assault causing bodily injury. A claim of ineffective assistance of counsel during the
punishment hearing is "unrelated to" a claim regarding the propriety of the conviction. 
Kirtley v. State, 56 S.W.3d 48, 51-52 (Tex. Crim. App. 2001). Effectiveness of counsel
was not challenged in a motion for new trial, however, and there is no firm evidentiary
support in the record to overcome the presumption that trial counsel's actions were part
of a reasonable trial strategy. See Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim. App.
2002) (Trial counsel should ordinarily be afforded an opportunity to explain his actions
before being denounced as ineffective.). Based upon the totality of this record, we cannot
conclude that appellant has established that trial counsel's performance fell below an
objective standard of reasonableness. Furthermore, the appellant has not demonstrated that
the exhibits in question were subject to a valid objection. See Vaughn v. State, 931
S.W.2d 564, 566-67 (Tex. Crim. App. 1996); Tex. Code Crim. Proc. Ann. art. 37.07,
§ 3(a) (Vernon Supp. 2003). Issue two is overruled. 

 Issue three argues that the sentence is unlawful because the trial court considered
improper punishment evidence. Jones refers to the same documents that are the subject
of his second issue. On appeal, Jones argues that the trial court "used against" him "the
fact that a writ had been filed." The "Order Designating Issues," which pertains to the
application for writ of habeas corpus, was offered into evidence by the defendant, not the
prosecution. The deferred adjudication order was admitted into evidence without
objection. Jones failed to preserve error. See Tex. R. Evid. 103; Tex. R. App. P. 33.1. 
Issue three is overruled. The judgment is affirmed.

 AFFIRMED.


 PER CURIAM


Submitted on June 17, 2003

Opinion Delivered July 16, 2003

Do Not Publish

 

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. The intermediate appellate courts disagree on whether the issue is cognizable
under Vidaurri. See Nava v. State, Nos. 11-02-00219-CR and 11-02-00220-CR, 2003 WL
21108283 (Tex. App.--Eastland May 15, 2003, no pet. h.)(Article 42.12, § 5(b) "does not
permit an appellate court to review the evidence to determine if the evidence 'brought to
the judge's attention' raises a 'bona fide doubt' as to a defendant's competency to stand
trial."); contra Marbut v. State, 76 S.W.3d 742 (Tex. App.--Waco 2002, pet. ref'd)(The
issue of competency at a hearing to adjudicate guilt "pertain[s] to the validity of the
proceedings whereby her guilt was adjudicated and she was sentenced to prison[,]" not to
the trial court's decision to adjudicate guilt.).
2. The competency inquiry is a preliminary step to the competency hearing before
a jury that is raised in issue one. 
3. The PSI report, which is not in the appellate record, apparently included a letter
in which the psychologist concluded that Jones is competent to stand trial. 
4. Jones does not assert that the judgment has been vacated.