**Nickey HENDERSON, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 05–03–00815–CR.**

Court of Appeals of Texas, Dallas.

March 26, 2004.

Allan Fishburn, Dallas, for appellant.

William T. (Bill) Hill, Jr., Dist. Atty., Charles Patrick Reynolds, Asst. Dist. Atty., Dallas, for State.

Before Justices MORRIS, WRIGHT, and RICHTER.

## OPINION

Opinion By Justice MORRIS.

In this appeal, Nickey Henderson attempts to challenge the trial court's failure to order a competency hearing before adjudicating his guilt for possession of cocaine. Because we do not have jurisdiction over appellant's complaint, we dismiss the appeal.

On March 6, 2001, appellant pleaded guilty to possession of cocaine and sought deferred adjudication probation. Appellant testified at the hearing that he was on "psych medications" and was seeing a physician in jail. The trial court accepted appellant's plea and placed him on deferred adjudication probation for ten years. In addition, the trial judge ordered appellant to serve 365 days in the "special needs" program of the Substance Abuse Felony Probation Facility as a condition of probation because she thought the special needs program might be "a more appropriate place to handle [appellant's] other issues."

On February 3, 2003, the State filed a motion to adjudicate appellant's guilt. At a hearing on the motion, appellant's attorney elicited testimony from appellant that he had been "hearing voices." Appellant's counsel then made the following request:

And Judge, I would ask he be evaluated and just reset it for a hearing until May 1st because it will take, it is usually 10 to 14 days to get him evaluated by a psychiatrist here, and that way, we would already be set for a contested revocation hearing, and if the psychiatrist does come back and say he is competent and understands what is going on, then we wouldn't have to wait to reset the hearing after that.

But if they feel he needs some sort of treatment, we can take it off the docket for that. And that is what I ask....

The trial judge then questioned appellant about his mental condition. Afterward, the trial judge explained to appellant, "Well, sir, I have to be very careful in this area to be sure that your rights are protected, and what I'm going to do is I'm going to recess this case for a month and let's get you evaluated." The trial court then recessed the case and ordered that a psychiatrist examine appellant to determine if he was competent to stand trial. The clerk's record contains a letter from the doctor stating that he examined appellant on April 11, 2003 for approximately fifty minutes and that, in the doctor's opinion, appellant was competent to stand trial.

On May 15, 2003, the trial court reconvened appellant's adjudication hearing. The psychiatrist was the first witness to testify at the hearing. He stated that, in his opinion after examining appellant, appellant was competent to stand trial. At the conclusion of the testimony on probation violations and competency, the trial court adjudicated appellant's guilt. No additional testimony was offered on punishment, and the trial court sentenced appellant to twenty-five years' imprisonment. The record contains no oral or written findings by the trial court on the issue of appellant's competency.

■ Appellant now complains in his sole point of error that the trial court erred by failing to impanel a jury to decide his competency to stand trial. Under article 46.02 of the code of criminal procedure, a trial court must conduct a hearing to determine whether there is evidence to support a finding of incompetency to stand trial if evidence of the defendant's alleged incompetence is brought to the court's attention from any source. *See* TEX.CODE

CRIM. PROC. ANN. art. 46.02, § 2(b) (Vernon Supp.2004). If the court determines there is evidence to support a finding of incompetency to stand trial, a jury "shall be impaneled to determine the defendant's competency to stand trial." *Id.* art. 46.02, § 4(a). We conclude that even if the trial court erred by failing to impanel a jury to determine competency in appellant's case, appellant may not raise this complaint on direct appeal.

Article 42.12, section 5(b) of the Texas Code of Criminal Procedure states that no appeal may be taken from the trial court's determination to proceed with an adjudication of guilt. *See id.* art. 42.12, § 5(b) (Vernon Supp.2004). Appellant contends we have jurisdiction to address his complaint because it has "nothing to do with the trial court's decision to adjudicate his guilt" but is "based on his right under the Due Process Clause to not be put to 'trial' in the first place." Despite appellant's assertion, his complaint stems directly from the trial court's adjudication of his guilt.

▆▆▆ Neither the Texas nor the United States Constitution provides a right to appellate review of criminal convictions. *See Phynes v. State,* 828 S.W.2d 1, 2 (Tex. Crim.App.1992). The State of Texas, therefore, may properly limit or even deny the right to appeal a criminal conviction entirely. *See id.* Thus, when a "legislative enactment says an accused may not appeal a determination to adjudicate, there is no right to do so." *Id.* For this reason, the court of criminal appeals concluded in *Phynes* that the appellant could not complain on direct appeal that he was denied his right to have counsel present at his adjudication hearing. *See id.* For the same reason, appellant may not complain on direct appeal that he was denied his right to due process when his guilt was adjudicated.[1]

We recognize that the Waco Court of Appeals held it had jurisdiction to address an appellant's complaint that the trial court failed to conduct *sua sponte* a competency inquiry in a deferred adjudication case because the error pertained to the "validity of the proceedings whereby her guilt was adjudicated and she was sentenced to prison" rather than to the "trial court's decision (determination) to adjudicate her guilt." *See Marbut v. State,* 76 S.W.3d 742, 747 (Tex.App.-Waco 2002, pet. ref'd). We disagree, however, with the Waco court's conclusion. A competency complaint under the circumstances here does not challenge the trial court's jurisdiction to adjudicate a defendant's guilt but rather asserts reversible (but not jurisdictional) trial court error in the process of adjudication. *See Arista v. State,* 2

---

1. *But see Gilbert v. State,* 852 S.W.2d 623, 626 (Tex.App.-Amarillo 1993, no pet.) (holding it had jurisdiction to determine whether the trial court's failure to conduct competency hearing before adjudicating Gilbert's guilt constituted denial of his due process rights); *Eldridge v. State,* 731 S.W.2d 618, 619 (Tex. App.-Houston [1st Dist.] 1987, no pet.) (holding it had jurisdiction to determine whether Eldridge's denial of "hearing" on adjudication of guilt violated minimum requirements of due process). The Amarillo Court of Appeals disavowed its holding in *Gilbert* in an unpublished opinion. *See Sanders v. State,* No. 07–00–0519–CR, 2001 WL 1217313, at *2 (Tex.App.-Amarillo 2001, no pet.) (not designated for publication). In addition, we question the continued viability of *Eldridge,* particularly given its reliance on a case where a defendant was allowed to complain of deprivation of counsel at the adjudication hearing. *See Eldridge,* 731 S.W.2d at 619. The issuing court in *Eldridge* has stated in an unpublished opinion that, in light of *Phynes,* the case "should not be relied upon." *See Hill v. State,* No. 01–93–00029–CR, 1993 WL 531460, at *5 (Tex.App.-Houston [1st Dist.] 1993, pet. ref'd) (not designated for publication).

S.W.3d 444, 445 (Tex.App.-San Antonio 1999, no pet.).

In this case, although appellant's mental status had previously been an issue, it arose again as the trial court began addressing the State's motion to adjudicate appellant's guilt. Sensitive to the issue, the trial court postponed the adjudication hearing to allow appellant to be examined. When the adjudication hearing resumed, the doctor who evaluated appellant's competency was called as the first witness to testify and was subject to cross-examination. The record clearly shows that the doctor's testimony about appellant's competency was given at the hearing to determine the merits of the State's motion to adjudicate guilt. Given these facts, we must conclude the alleged error occurred during the "adjudication of guilt process." *Connolly v. State*, 983 S.W.2d 738, 741 (Tex.Crim.App.1999). The court of criminal appeals has decisively stated that, under article 42.12, section 5(b), such errors may not be raised on direct appeal, and the Texas Legislature has not overturned the court's interpretation. *See id.*

Appellant may not directly appeal the trial court's conclusions on his competency that occurred during the adjudication of guilt process. *See Nava v. State*, 110 S.W.3d 491, 493 (Tex.App.-Eastland 2003, no pet.); *Arista*, 2 S.W.3d at 445–46. He does not complain that his sentence was illegal due to his incompetency to stand trial, and he made no such complaint at sentencing. *See* TEX.CODE CRIM. PROC. ANN. art. 42.07 (Vernon Supp.2004). We therefore have no jurisdiction to address appellant's sole point of error. Appellant is not completely without redress, however. His competency complaint may be properly raised in a writ of habeas corpus proceeding. *See id.* art. 11.07.

We dismiss the appeal for lack of jurisdiction.