**Darnann Bayne DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–03–00026–CR.**

Court of Appeals of Texas, Texarkana.

Submitted May 12, 2004.

Decided May 28, 2004.

Rehearing Overruled July 20, 2004.

James W. Volberding, Tyler, for appellant.

Henry Whitley, Special Asst. Dist. Atty., Marcus D. Taylor, Wood County Dist. Atty., Quitman, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

### I. Procedural and Factual History

Darnann Bayne Davis pled guilty on April 27, 1998, to injuring a child. *See* Tex. Pen.Code Ann. § 22.04 (Vernon 2003). Pursuant to a negotiated plea agreement, the trial court found the evidence substantiated Davis' guilt, but deferred a finding of guilt and placed Davis on community supervision for six years.

On July 14, 2000, the State filed its first motion to adjudicate Davis' guilt. The next month, the trial court appointed psychologist Dr. Barry Rath to evaluate Davis' competency to stand trial. *See* Tex. Code Crim. Proc. Ann. art. 46.02, § 4(a) (Vernon Supp.2004). A jury trial on Davis' competency was conducted in October 2000. The jury found Davis incompetent to stand trial. *See* Tex.Code Crim. Proc. Ann. art. 46.02, § 1A(a)(1), (2) (Vernon Supp.2004). Accordingly, the trial court sent Davis to Vernon State Hospital for psychiatric treatment.

By early January 2001, officials at Vernon determined Davis had regained competency to stand trial. Davis was returned to Wood County, where a subsequent jury was selected and agreed that Davis' competency had been restored. Rather than return to proceedings on the State's motion, the trial court continued Davis' community supervision.

On July 10, 2001, the State filed a new motion to adjudicate Davis' guilt, later amending that motion July 24, 2002. The trial court did not begin hearing testimony on the State's amended motion until almost five full months later—nearly seventeen months after the State filed the primary motion to adjudicate in 2001. When the trial court ultimately ruled on January 14, 2003, it found Davis had violated his conditions of community supervision, adjudicated his guilt, and sentenced him to three years' imprisonment.

## II. Analysis of the Issues Presented

On appeal to this Court, Davis first contends the trial court erred by failing to empanel a jury to determine Davis' competency. Davis then asks us to find that the trial court committed reversible error by refusing to admit a videotape of Davis' trial testimony as part of a bill of exception.

### A. Evidence of Incompetency Amidst a Hearing on a Motion To Adjudicate Guilt

■ Davis first contends the trial court erred by failing to empanel a jury pursuant to TEX.CODE CRIM. PROC. ANN. art. 46.02, § 4, after evidence was brought forth during the hearing on the motion to adjudicate guilt that, according to Davis, suggests he was incompetent to stand trial. Though not raised by either party in the briefing, we must first decide whether we have jurisdiction to address this issue. *See Smith v. State*, 91 S.W.3d 407, 408 (Tex. App.-Texarkana 2002, no pet.) (filing of notice of appeal invokes appellate court's jurisdiction at least to the extent the court may determine whether it has jurisdiction over the merits of points of error).

■ The United States Constitution does not guarantee a criminal defendant the right to appeal a conviction. *McKane v. Durston*, 153 U.S. 684, 687, 14 S.Ct. 913, 38 L.Ed. 867 (1894). Nor does the Texas Constitution provide such a right. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App. 1992). Instead, a defendant's right to appeal a criminal conviction in Texas "is only as provided by the legislature." *Id.* As it relates to the case now before us, the Texas Legislature has expressly stated that a defendant may not appeal a trial court's decision to proceed to an adjudication of guilt. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.2004); *Connolly v. State*, 983 S.W.2d 738, 741 (Tex.Crim.App.1999); *Cooper v. State*, 2 S.W.3d 500, 502 (Tex.App.-Texarkana 1999, pet. ref'd). The Legislature's prohibition includes all complaints attaching to the trial court's decision to proceed to an adjudication of guilt, except for those challenges to the trial court's jurisdiction or issues related to proceedings following the adjudication decision. *See, e.g., Nix v. State*, 65 S.W.3d 664, 667–68 (Tex.Crim. App.2001) (recognizing applicability of "void judgment" exception to the deferred adjudication proceedings); *Fluellen v. State*, 71 S.W.3d 870, 872 (Tex.App.-Texarkana 2002, pet. ref'd) (defendant whose guilt was adjudicated may appeal issues relating to sentencing).

In the case now on appeal, Davis argues the trial court should have suspended the adjudication hearing and empaneled a jury to determine his competency. Several intermediate appellate courts have already visited the issue of whether such a claim may be reviewed on direct appeal. In *Arista v. State*, 2 S.W.3d 444 (Tex.App.-San Antonio 1999, no pet.), the Fourth Court of Appeals found it lacked jurisdiction, within the context of an appeal of a trial court's decision to adjudicate guilt, to consider the issue Davis now raises. Similarly, the Fifth, Seventh, and Eleventh Courts of Appeals have each held they lacked jurisdiction to consider whether a trial court erred by not empaneling a com-

petency jury amidst a hearing on whether to adjudicate a defendant's guilt. *See Nava v. State,* 110 S.W.3d 491 (Tex.App.-Eastland 2003, no pet.); *see also Henderson v. State,* 132 S.W.3d 112 (Tex. App.-Dallas, 2004, no pet. h.) (not designated for publication); *Sanders v. State,* No. 07–00–0519–CR, 2001 WL 1217313, 2001 Tex.App. LEXIS 6882 (Tex.App.-Amarillo Oct.11, 2001, no pet.) (not designated for publication).[1]

Only the Waco Court of Appeals has held it had jurisdiction to address the issue now before this Court. In *Marbut v. State,* 76 S.W.3d 742 (Tex.App.-Waco 2002, pet. ref'd), the defendant pled guilty to theft by check; the trial court deferred a finding of guilt and placed her on community supervision. *Id.* at 746. After repeated violations of her community supervision, the trial court adjudicated the defendant's guilt and sentenced her to eighteen months in a state jail facility. *Id.* On appeal, she contended the trial court should have *sua sponte* conducted a competency inquiry because testimony about her mental illness brought her competency into question. *Id.* The Tenth Court of Appeals held Marbut's issues on appeal pertaining to the validity of the proceedings whereby her guilt was adjudicated did not pertain to the trial court's decision or determination to adjudicate guilt, and therefore the court had jurisdiction to consider them. *Id.* at 747.

More recently, however, in *Emich v. State,* 134 S.W.3d 398, 399–400 (Tex.App.-Waco 2004, no pet.), the Waco Court of Appeals held it lacked jurisdiction to consider (1) whether the State presented sufficient evidence that a defendant violated

the terms of his deferred community supervision, and (2) whether the motion to adjudicate guilt was ever served on the defendant or his counsel in violation of procedural notice requirements. The *Emich* court held both issues were directly related to the trial court's decision to proceed to an adjudication of guilt, over which the court lacked authority to review. *Id.* The *Emich* court also cited Eastland's opinion in *Nava* for the proposition that a denial of a competency inquiry cannot be raised on direct appeal from a trial court's decision to proceed to an adjudication of guilt. *Id.* at *2–3. The Waco court's decision in *Emich* did not expressly address the continued viability of *Marbut.*

After reviewing the opinions of our sister courts, we respectfully disagree with the analysis presented in *Marbut* and conclude this Court lacks jurisdiction to consider the merits of Davis' first point of error. The Texas Legislature has expressly prohibited Texas appellate courts from reviewing issues relating to a trial court's decision to proceed to an adjudication of guilt. "A competency complaint under the circumstances here does not challenge the trial court's jurisdiction to adjudicate a defendant's guilt[,] but rather asserts reversible (but not jurisdictional) trial court error in the process of adjudication." *Henderson,* 132 S.W.3d at 114. Counsel's request for a jury to determine competency clearly occurred during the hearing to determine the merits of the State's motion to adjudicate guilt. *Cf. id.* Given these facts, we must conclude any alleged error occurred during the process of determining whether to proceed to an

---

1. The Seventh Court of Appeals had previously held it had jurisdiction to consider the issue now before this Court. *Gilbert v. State,* 852 S.W.2d 623 (Tex.App.-Amarillo 1993, no pet.). A fair reading of its more recent decision in *Sanders* suggests, however, that the Amarillo

Court of Appeals has abandoned its reasoning in *Gilbert. See Sanders v. State,* No. 07–00–0519–CR, 2001 WL 1217313, 2001 Tex.App. LEXIS 6882, at *4 (Tex.App.-Amarillo Oct.11, 2001, no pet.) (not designated for publication).

adjudication of guilt. *See Connolly,* 983 S.W.2d at 741 (referencing G. DIX & R. DAWSON, TEXAS CRIMINAL PRACTICE AND PROCEDURE § 43.117 (1995)). Under Article 42.12, Section 5(b), we are without jurisdiction to consider Davis' first point of error. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.2004).

*B. Submitting a Videotape of Davis' Testimony as Part of the Bill of Exception*

In his second point of error, Davis contends the trial court erred by refusing to allow Davis' attorney to submit a videotape of Davis' testimony for review by this Court as part of a bill of exception. Davis contends the videotape would support his claim he was incompetent to stand trial. As Davis' second issue also relates to the trial court's decision to proceed to an adjudication of guilt, for the reasons stated above, we find we lack jurisdiction to consider this point of error.

Accordingly, we dismiss the appeal for want of jurisdiction.