**Troy Stacy BEARDEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–03–0055–CR.**

Court of Appeals of Texas, Amarillo.

Oct. 15, 2004.

James A. DeLee, Port Arthur, for Appellant.

Wayln G. Thompson, Asst. Criminal District Atty., Beaumont, for Appellee.

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

---

**662**

BRIAN QUINN, Justice.

Troy Stacy Bearden (appellant) appeals from a judgment adjudicating his guilt for the crime of aggravated sexual assault on a child. His sole issue involves whether the trial court erred in failing to have him "examined for competence to stand trial" at the hearing upon the State's motion to adjudicate guilt and revoke his community supervision. We dismiss for want of jurisdiction.

We have no jurisdiction over appeals involving the "determination by the [trial] court of whether it proceeds with an adjudication of guilt on the original charge," TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.2004–2005). Furthermore, such appeals include those involving the appellant's competency at the time of the adjudication hearing. *Sanders v. State,* No. 07–00–0519–CR, 2001 WL 1217313, 2001 LEXIS 6882 (Tex.App.-Amarillo October 11, 2001, no pet.) (not designated for publication); *accord, Davis v. State,* 141 S.W.3d 694, 697 (Tex.App.-Texarkana 2004, no pet. h.) (holding the same); *Nava v. State,* 110 S.W.3d 491, 493 (Tex.App.-Eastland 2003, no pet.) (holding the same). Thus, we have no choice but to dismiss this appeal. *Phynes v. State,* 828 S.W.2d 1, 2 (Tex.Crim.App.1992).

Accordingly, the appeal is dismissed for want of jurisdiction.