NO. 07-03-0055-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 15, 2004
_____

TROY STACY BEARDEN,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 78,396; HON. CHARLES D. CARVER, PRESIDING
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Troy Stacy Bearden (appellant) appeals from a judgment adjudicating his guilt for the crime of aggravated sexual assault on a child. His sole issue involves whether the trial court erred in failing to have him "examined for competence to stand trial" at the hearing upon the State's motion to adjudicate guilt and revoke his community supervision. We dismiss for want of jurisdiction.

We have no jurisdiction over appeals involving the "determination by the [trial] court of whether it proceeds with an adjudication of guilt on the original charge," TEX. CODE CRIM. PROC. ANN. art. 42.12, §5(b) (Vernon Supp. 2004-2005). Furthermore, such appeals

include those involving the appellant's competency at the time of the adjudication hearing. *Sanders v. State*, No. 07-00-0519-CR, 2001 Lᴇxɪs 6882 (Tex. App.–Amarillo October 11, 2001, no pet.) (not designated for publication); *accord*, *Davis v. State*, 141 S.W.3d 694, 697 (Tex. App.–Texarkana 2004, no pet. h.) (holding the same); *Nava v. State*, 110 S.W.3d 491, 493 (Tex. App.–Eastland 2003, no pet.) (holding the same). Thus, we have no choice but to dismiss this appeal. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992).

Accordingly, the appeal is dismissed for want of jurisdiction.


Brian Quinn
Justice

Publish.