NO. 07-03-0055-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 15, 2004


______________________________



TROY STACY BEARDEN, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 78,396; HON. CHARLES D. CARVER, PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Troy Stacy Bearden (appellant) appeals from a judgment adjudicating his guilt for
the crime of aggravated sexual assault on a child. His sole issue involves whether the trial
court erred in failing to have him "examined for competence to stand trial" at the hearing
upon the State's motion to adjudicate guilt and revoke his community supervision. We
dismiss for want of jurisdiction.

 We have no jurisdiction over appeals involving the "determination by the [trial] court
of whether it proceeds with an adjudication of guilt on the original charge," Tex. Code Crim.
Proc. Ann. art. 42.12, §5(b) (Vernon Supp. 2004-2005). Furthermore, such appeals
include those involving the appellant's competency at the time of the adjudication hearing. 
Sanders v. State, No. 07-00-0519-CR, 2001 Lexis 6882 (Tex. App.-Amarillo October 11,
2001, no pet.) (not designated for publication); accord, Davis v. State, 141 S.W.3d 694, 697
(Tex. App.-Texarkana 2004, no pet. h.) (holding the same); Nava v. State, 110 S.W.3d
491, 493 (Tex. App.-Eastland 2003, no pet.) (holding the same). Thus, we have no choice
but to dismiss this appeal. Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992).

 Accordingly, the appeal is dismissed for want of jurisdiction.


 Brian Quinn

 Justice 


Publish. 

 


 



he order appointing new counsel. The trial court shall execute findings
of fact, conclusions of law, and such orders as the court may enter regarding the
aforementioned issues, and cause its findings and conclusions to be included in a
supplemental clerk's record. A supplemental record of the hearing shall also be included
in the appellate record. Finally, the trial court shall file the supplemental clerk's record and
supplemental reporter's record with the Clerk of this Court by Friday, January 14, 2005.

 Should new counsel be appointed, the Clerk of the Court is instructed to accept and
file any brief or supplemental brief newly appointed counsel desires to file. Absent a motion
for extension of time, new counsel's brief(s) shall be due within 30 days after filing of the
supplemental clerk's and reporter's records. The State's brief will be due within 60 days
following filing of the supplemental clerk's and reporter's records or within 30 days following
the filing of new counsel's brief(s), whichever is later. Tex. R. App. P. 38.6(a) & (b). 

 It is so ordered.


 Per Curiam



Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).