Opinion issued October 13, 2005








     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00156-CR




JESSE RANDOLPH CURRY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 838340




O P I N I O N

          Appellant, Jesse Randolph Curry, appeals the trial court’s order denying his
motion for post-conviction DNA testing. Appellant contends that article
64.03(a)(2)(A) of the Texas Code of Criminal Procedure,


 which sets forth the
requirements for post-conviction DNA testing, is unconstitutional because it denies
him (1) due process, due course of law, and equal protection of the law guaranteed
by the United States and Texas Constitutions and (2) a meaningful remedy to exercise
his right to be free from unlawful punishment, as guaranteed by the Open Courts
provision of the Texas Constitution. See U.S. Const. amend. XIV, § 1; Tex. Const.
art. I, §§ 3, 19. Appellant challenges the statute as being unconstitutional on its face
and as applied. We affirm the trial court’s order.
Factual Background
          A jury convicted appellant of the aggravated assault of his wife and assessed
his punishment at confinement for life in prison. During the punishment phase of
trial, after appellant was convicted for the aggravated assault of his wife, the State
produced evidence that appellant’s wife had been sexually assaulted. The DNA from
appellant’s wife’s rape kit indicated that there was a mixture of more than one
person’s DNA. The evidence further concluded that appellant’s DNA could not be
ruled out. Pursuant to article 64.03(a) of the Texas Code of Criminal Procedure,
appellant filed a motion for post-conviction DNA testing. The motion did not
challenge the constitutionality of article 64.03(a)(2)(A). After a hearing, the trial
court, finding that identity had never been an issue in the case, denied appellant’s
motion.
Constitutional Challenge 
          In two points of error, appellant contends that article 64.03(a)(2)(A) of the
Texas Code of Criminal Procedure is unconstitutional on its face and as applied
because it denies him due process, due course of law, and equal protection of the law. 
Specifically, appellant argues that article 64.03(a)(2)(A) is unconstitutional because
it “arbitrarily deprives all convicted persons whose cases involve biological evidence
from obtaining post-conviction DNA testing to determine whether they are being
unlawfully punished, and it violates the open courts provision of the Texas
Constitution because it deprives them of any meaningful remedy to exercise their
right to be free from unlawful punishment.” (Emphasis added.) 
 
Standard of Review
          In determining whether a statute is constitutional, an appellate court must
presume that the statute is valid and that the legislature was neither unreasonable nor
arbitrary in enacting it. Ex parte Granviel, 561 S.W.2d 503, 511 (Tex. Crim. App.
1978). The party challenging the statute has the burden of establishing that the
statute is unconstitutional. Id. This Court must uphold the challenged statute if it can
be reasonably construed in a manner consistent with the legislative intent and is not
repugnant to the Constitution. See Ely v. State, 582 S.W.2d 416, 419 (Tex. Crim.
App. 1979); see also Granviel, 561 S.W.2d at 511 (noting that an appellate court must
invalidate a statute that is not supported by reasonable legislative intent).
          Generally, a constitutional challenge to a statute must be asserted in the trial
court to be considered on appeal. Tex. R. App. P. 33.1(a); Norris v. State, 902 S.W.2d
428, 446 (Tex. Crim. App. 1995). Constitutional rights, including the rights of due
process and due course of law, may be waived if the proper request, objection, or
motion is not asserted in the trial court. See Solis v. State, 945 S.W.2d 300, 301 (Tex.
App.—Houston [1st Dist.] 1997, pet. ref’d) (noting that almost every constitutional
and statutory right may be waived by failing to object in trial court). However, there
are two exceptions. First, appellate courts will address questions involving the
constitutionality of the statute upon which a defendant’s conviction is based, even
when such issues are raised for the first time on appeal. Rabb v. State, 730 S.W.2d
751, 752 (Tex. Crim. App. 1987). Second, an appellant does not waive error if he
fails to raise a facial constitutional challenge to a statute at trial. Briggs v. State, 789
S.W.2d 918, 924 (Tex. Crim. App. 1990). A facial challenge claims that a statute is
“invalid in toto—and therefore incapable of any valid application.” Steffel v.
Thompson, 415 U.S. 452, 474, 94 S. Ct. 1209, 1223 (1974). 
As Applied Challenge
          Appellant argues that article 64.03(a)(2)(A) violates the United States and
Texas Constitutions as applied because the statute prohibits him from seeking post-conviction DNA testing relevant to the punishment phase of his trial, and, therefore,
he is deprived of a meaningful remedy to challenge his punishment.
           Appellant failed to object in the trial court to article 64.03(a) as being
unconstitutional as applied under either the United States or Texas Constitutions. An
as applied constitutional challenge to a statute is waived if it is not asserted at the trial
court level. See Briggs, 789 S.W.2d. at 924. Accordingly, appellant has not preserved
this issue for appellate review. See Tex. R. App. P. 33.1(a)(1). 
          We overrule point of error one. 
Facial Challenge
          In point of error two, appellant argues that article 64.03(a)(2)(A) is facially
unconstitutional under the United States and Texas Constitutions because it only
permits post-conviction DNA testing when the evidence is relevant to the guilt phase
rather than the punishment phase of a trial, and, therefore, it does not give all
convicted persons a meaningful remedy to challenge their punishments.
          A facial challenge to a statute is the most difficult challenge to mount
successfully because the challenger must establish that no set of circumstances exists
under which the statute will be valid. See Santikos v. State, 836 S.W.2d. 631, 633
(Tex. Crim. App. 1992). In this case, appellant’s facial challenge fails for the simple
reason that the United States Constitution does not require the State to provide post-conviction DNA testing to any convicted person. See Kutzner v. Montgomery Co.,
303 F.3d. 339, 340 (5th Cir. 2002); Harvey v. Horan, 278 F.3d 370, 375–76 (4th Cir.
2002). Furthermore, appellant cites no authority for the existence of this requirement
under the Texas Constitution. In fact, the Texas Constitution provides that appellate
review of criminal convictions may be limited by the legislature. See Henderson v.
State, 132 S.W.3d 112, 114 (Tex. App.—Dallas 2004, no pet.). Accordingly,
appellant cannot establish that the statute operates unconstitutionally as to all
convicted persons. 
          We overrule point of error two. 
 
 
Conclusion
          We affirm the trial court’s order.


                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Taft, Keyes, and Hanks.

Publish. Tex. R. App. P. 47.4.