Dismissed and Memorandum Opinion filed July 13, 2006








Dismissed and Memorandum Opinion filed July 13, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01015-CR

____________

 

RICHARD ROBLES VIGIL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 338th
District Court

Harris County, Texas

Trial Court Cause No. 824929

 



 

M E M O R A N D U M   O P I N I O N

Appellant Richard Robles Vigil appeals his conviction for
indecency with a child.  In a single issue, appellant contends the trial court
erred in not sua sponte holding a hearing on his competency.  We dismiss
for want of jurisdiction.








On May 3, 2000, appellant was placed on ten years= deferred
adjudication probation for indecency with a child.  On June 27, 2005, the State
filed a motion to adjudicate appellant=s guilt, alleging
he violated his deferred adjudication probation by committing another offense
and failing to participate in the sex offender treatment program.  On July 14,
2005, the trial court ordered that psychiatric and medical examinations be
performed on appellant because he showed signs of mental illness.  Status
reports issued over the next month indicated that appellant was physically able
to attend court and did not need psychiatric medications.  On September 9,
2005, the trial court entered judgment adjudicating guilt and sentenced
appellant to two years= incarceration.

In a
single issue, appellant argues that because the trial court noted he showed
signs of mental illness, the court should have stayed the hearing on the motion
to adjudicate and ordered a test to determine his competency.  Appellant did
not file a motion seeking a competency determination, and he argues on appeal
that the trial court should have sua sponte stayed the hearing.  The State
argues this court has no jurisdiction to consider appellant=s contention.  We agree.








Under
article 42.12, section 5(b) of the Code of Criminal Procedure, if the defendant
violates a condition of deferred‑adjudication community supervision, he
is entitled to a hearing Alimited to the determination by the court of whether it
proceeds with an adjudication of guilt on the original charge.  No appeal may
be taken from this determination.@  Tex.
Code Crim. Proc. Ann. art. 42.12 ' 5(b) (Vernon Supp. 2005).  Appellate
courts have no jurisdiction to consider claims relating to the trial court=s determination to proceed with an
adjudication of guilt on the original charge.  Hogans v. State, 176
S.W.3d 829, 832 (Tex. Crim. App. 2005).  Thus, if an appeal raises a claim of
purported error in the adjudication of guilt determination, a court of appeals
should dismiss that claim without reaching the merits.  Id.  The
legislature=s prohibition includes all complaints attaching to the trial court=s decision to proceed to an
adjudication of guilt except challenges to the trial court=s jurisdiction or issues related to
proceedings following the adjudication decision.  See, e.g., id.
at 830B31, 832 & n.6 (holding that an
appellate court has jurisdiction to consider the merits of a claim that arises
before the act of adjudication if the claim directly and distinctly relates to
punishment rather than the decision to adjudicate); Nix v. State, 65
S.W.3d 664, 667B68 (Tex. Crim. App. 2001) (recognizing applicability of Avoid judgment@ exception to deferred adjudication
proceedings).

Several
other appellate courts have determined that intermediate appellate courts do
not have jurisdiction to consider the trial court=s failure to order a competency
hearing in the midst of an adjudication hearing.  See, e.g., Durgan v. State,
No. 09-04-501-CR, __ S.W.3d __, 2006 WL 1359620, at *2 (Tex. App.CBeaumont May 17, 2006, no pet. h.); Bearden
v. State, 147 S.W.3d 661, 662 (Tex. App.CAmarillo 2004, no pet.)[1];
Davis v. State, 141 S.W.3d 694, 697B98 (Tex. App.CTexarkana 2004, pet. ref=d); Henderson v. State, 132
S.W.3d 112, 115 (Tex. App.CDallas 2004, no pet.); Nava v. State, 110 S.W.3d 491,
493 (Tex. App.CEastland 2003, no pet.); Arista v. State, 2 S.W.3d 444, 445B46 (Tex. App.CSan Antonio 1999, no pet.).

We
recognize that the Waco Court of Appeals held it had jurisdiction to address an
appellant=s complaint that the trial court failed to conduct a competency inquiry
in a deferred adjudication case because the error pertained to the Avalidity of the proceedings whereby
her guilt was adjudicated and she was sentenced to prison@ rather than to the Atrial court=s decision (determination) to
adjudicate her guilt.@  See Marbut v. State, 76 S.W.3d 742, 747 (Tex. App.CWaco 2002, pet. ref=d).  We join our sister courts in
their disagreement with the Waco court=s conclusion.  See Davis, 141
S.W.3d at 697; Henderson, 132 S.W.3d at 114B15; Nava, 110 S.W.3d at 493. 
A competency complaint under the circumstances here does not challenge the
trial court=s jurisdiction to adjudicate a defendant=s guilt but asserts reversible error
in the process of adjudication.  See Henderson, 132 S.W.3d at 114. 
Therefore, under article 42.12, section 5(b) of the Code of Criminal Procedure,
we have no jurisdiction to consider appellant=s sole issue.








The
appeal is ordered dismissed.

 

 

/s/        Leslie Brock Yates

Justice

 

 

 

 

Judgment rendered and Memorandum
Opinion filed July 13, 2006.

Panel consists of Chief Justice
Hedges and Justices Yates and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  In Gilbert v. State, 852 S.W.2d 623, 626
(Tex. App.CAmarillo 1993, no pet.), the Amarillo Court of Appeals
held it had jurisdiction to consider the issue now before us, but specifically
disavowed that reasoning in Sanders v. State, No. 07-00-0519-CR, 2001 WL
1217313, at *2 (Tex. App.CAmarillo Oct. 11, 2001, no pet.) (not designated for
publication).