COURT OF APPEALS












COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL PASO, TEXAS

 

VICENTE FELIPE MARTINEZ,                          )

                                                                              )              
No.  08-05-00254-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
265th District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of Dallas County, Texas

Appellee.                           )

                                                                              )              
(TC# F-0315036-KR)

                                                                              )

 

O
P I N I O N

 

Vincent Felipe
Martinez appeals from an adjudication of guilt for the offense of aggravated
sexual assault of a child.  Appellant
contends the trial court erred in not holding sua sponte a hearing on
his competency during either the adjudication or sentencing phases of the
proceedings.  We affirm.








In 2003, Appellant
was indicted for the offense of aggravated sexual assault of a child.  Appellant waived his right to a trial by jury
and pled guilty to the offense.  Pursuant
to a plea bargain, the trial court deferred a finding of guilt and placed Appellant
on community supervision for a term of 5 years and assessed a fine of
$3,000.  In April of 2005, the State
filed a motion to adjudicate guilt alleging Appellant had violated certain
terms of his community supervision by: 
(1) failing to register as a sex-offender; (2) failing to report to his
probation officer; (3) failing to pay a probation fee; and (4) failing to
complete a sex offender clinical assessment.[1]

At a hearing on
the State=s motion
to adjudicate guilt, Appellant entered a plea of true.  The trial court admitted into evidence,
Appellant=s signed,
written voluntary plea of true and stipulation of evidence.  After hearing testimony from Appellant=s witnesses, the trial court found the
allegations contained in the State=s
motion to be true and proceeded to an adjudication of guilt.  The trial court found Appellant guilty of the
offense of sexual assault of a child and sentenced him to twenty-five years in
the Institutional Division of the Texas Department of Criminal Justice.  The trial court certified Appellant=s right of appeal and he filed his
notice of appeal.

In Issue One,
Appellant complains the trial court erred in not holding sua sponte a
hearing on his competency during the sentencing phase of his case.  As support for his proposition, Appellant
directs our attention to evidence presented during the adjudication stage of
the proceedings.  The State argues that
Appellant has failed to preserve error. 
We agree.








Article 42.12,
section 5(b) of the Code of Criminal Procedure expressly allows an appeal from
all proceedings following an adjudication of guilt.  Olowosuko v. State, 826 S.W.2d 940,
942 (Tex.Crim.App. 1992).  Thus, a
defendant may appeal aspects related to the punishment phase of his case.  Hogans v. State, 176 S.W.3d 829, 833
(Tex.Crim.App. 2005), citing Kirtley v. State, 56 S.W.3d 48, 51
(Tex.Crim.App. 2001).  However, an
appellate court does not have jurisdiction to consider an issue simply because
it is framed as a punishment issue.  See
Hogans, 176 S.W.3d at 834.  Assuming
competency is an appealable punishment issue in this case, Appellant failed to
raise this issue in the trial court by either objection, request, or motion
during or subsequent to, the punishment phase of the proceedings.

It is well
established that in order to preserve error for appellate review, the
complaining party must first present his complaint to the trial court by a
timely, specific objection, request, or motion at the earliest opportunity, and
obtain an adverse ruling.  See Tex.R.App.P. 33.1; Vidaurri v. State,
49 S.W.3d 880, 886 (Tex.Crim.App. 2001); Johnson v. State, 975 S.W.2d
644, 653 (Tex.App.‑-El Paso 1998, pet. ref=d).  At the conclusion of the hearing on the State=s motion to adjudicate guilt, the trial
court found the allegations of the State to be true.  The trial court adjudicated Appellant=s guilt and orally pronounced
sentence.  Appellant=s trial counsel did not object at any
point during the punishment phase of the proceedings.  After sentencing, the trial court asked
Appellant=s trial
counsel A[i]s
there any legal reason why your client should not be sentenced at this time?@ 
Appellant=s trial
counsel replied A[n]o,
Your Honor.@  In addition, trial counsel did not raise
Appellant=s
competency in a post-sentencing motion.

Because Appellant
did not bring his complaint to the trial court=s
attention by timely objection, request, or motion, he has not preserved this
complaint for our review.  See Hergert
v. State, -- S.W.3d --, 2006 WL 1779448, at *4 (Tex.App.‑-Beaumont
June 28, 2006, no pet.)(defendant at adjudication hearing failed to properly
preserve error by not objecting to sentence either at time of sentencing or in
post-trial motion); Johnson v. State, 939 S.W.2d 808, 809-10 (Tex.App.‑-Fort
Worth 1997, no pet.)(defendant waived error by affirmatively declining
opportunity to object and not filing motion for new trial).  Accordingly, Issue One is overruled.  








In Issue Two,
Appellant complains the trial court erred in not holding sua sponte a
hearing on his competency during the adjudication proceedings.  The State argues this Court is without
jurisdiction to review Appellant=s
complaint.  Again, we agree with the
State.

In a deferred‑adjudication
case, if the trial court adjudicates guilt because of a violation of the terms
of community supervision, that decision is not appealable.  Tex.Code
Crim.Proc.Ann. art. 42.12, '
5(b)(Vernon
Supp. 2006); Hogans, 176 S.W.3d at 832. 
This Court plainly has no jurisdiction to consider claims relating to
the trial court=s
determination to proceed with an adjudication of guilt, including those
involving competency at the time of the adjudication hearing.  See Hogans, 176 S.W.3d at 832; see,
e.g., Durgan v. State, 192 S.W.3d 884, 887 (Tex.App.‑-Beaumont
2006, pet. filed); Davis v. State, 141 S.W.3d 694, 697‑98
(Tex.App.--Texarkana 2004, pet. ref=d);
Bearden v. State, 147 S.W.3d 661, 662 (Tex.App.--Amarillo 2004, no
pet.); Henderson v. State, 132 S.W.3d 112, 115 (Tex.App.--Dallas 2004,
no pet.); Nava v. State, 110 S.W.3d 491, 493 (Tex.App.--Eastland 2003,
no pet.); Arista v. State, 2 S.W.3d 444, 445‑46 (Tex.App.--San
Antonio 1999, no pet.); Contreras v. State, No. 08‑01‑00391‑CR,
2003 WL 125448, at *1-*2 (Tex.App.‑-El Paso, Jan. 16, 2003, no pet.)(not
designated for publication)(dismissing appeal from competency determination in
context of adjudication proceedings for lack of jurisdiction).

Because Appellant
raises a claim of purported error in the adjudication of guilt determination,
we must dismiss his issue without reaching the merits.  Hogans, 176 S.W.3d at 832.  Therefore, we dismiss Issue Two as we have no
jurisdiction to consider it.

Accordingly, we
affirm the trial court=s
judgment.

 

August
31, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.








(Do Not Publish)











[1]
The State later withdrew the allegation that Appellant failed to register as a
sex-offender.