Opinion filed June 14, 2007















 
 
  
 
 







 
 
  
 
 




Opinion filed June 14, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00318-CR 

                                                      ________

 

                           DEFOREST DEPREE WILLIAMS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                        On
Appeal from the 142nd District Court

 

                                                        Midland County, Texas

 

                                                 Trial
Court Cause No. CR28351

 



 

                                                                   O
P I N I O N

 

Deforest Depree Williams appeals from his
conviction of the offense of aggravated sexual assault of a child that resulted
when the trial court granted the State=s
motion to revoke his deferred adjudication community supervision and proceed
with an adjudication of guilt.  He
contends in two issues that he was incompetent to stand trial and, therefore,
unable to knowingly and intelligently waive his rights and enter a guilty plea
and that he was incompetent to stand trial so that the trial court erred when
it held a hearing and revoked his deferred adjudication community
supervision.  We dismiss this appeal for
want of jurisdiction.








Williams contends in issue one that he was
incompetent to stand trial and was, therefore, unable to knowingly and
intelligently waive his rights and enter a guilty plea.  A defendant placed on deferred adjudication
community supervision may raise issues relating to the original plea proceeding
only in appeals taken when deferred adjudication community supervision is first
imposed.  Manuel v. State, 994
S.W.2d 658, 661-62 (Tex. Crim. App. 1999). 
Therefore, we decline to address the merits of this claim.  We overrule issue one.  

Williams contends in issue two that the trial
court erred when it held a hearing and revoked his deferred adjudication
community supervision because he was incompetent to stand trial.  An appellant whose deferred adjudication
community supervision has been revoked and who has been adjudicated guilty of
the original charge may not raise on appeal contentions of error in the
adjudication of guilt process.  Connolly
v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999).  We have applied this rule with respect to an
appellant=s
contention that he was incompetent to stand trial.  See Nava v. State, 110 S.W.3d 491, 493
(Tex. App.CEastland 2003, no pet.).  Williams has made no response to the State=s contention that we are without
jurisdiction to consider the two issues he raises in this appeal.  We overrule issue two.

Because we lack jurisdiction of the two issues
raised by Williams, we dismiss this appeal. See Manuel, 994 S.W.2d at
660; Connolly, 983 S.W.2d at 741; and Nava, 110 S.W.3d at 493.

 

PER CURIAM

 

June 14, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  McCall, J.,

Strange,
J., and Hill, J.[1]











[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.