

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-07-232-CR

STEVEN WAYNE WILSON                                        APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

### FROM THE 271ST DISTRICT COURT OF WISE COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant pleaded guilty to the offense of aggravated sexual assault of a

child on October 2, 2006.  Pursuant to a plea bargain, the trial court placed

appellant on ten years' deferred adjudication.  On March 22, 2007, the State

moved to proceed to adjudication, alleging that appellant violated the terms and

conditions of his community supervision by, among other things, having contact

---

[1] *See* TEX. R. APP. P. 47.4.

with an unchaperoned child under the age of seventeen and accepting and maintaining employment which brought him in contact with children.

After a hearing on the State's motion to adjudicate on May 29, 2007, the trial court found four of the State's allegations to be true, adjudicated appellant guilty of aggravated sexual assault of a child, and sentenced him to twenty years' confinement. Appellant attempts to appeal from this adjudication.

At the time of the hearing on the motion to adjudicate, however, Texas Code of Criminal Procedure article 42.12, section 5(b), provided that "[n]o appeal may be taken from this determination [to adjudicate guilt]."[2] It is well-settled under this statute that a defendant has no right to appeal an adjudication of guilt.[3] Because of this prohibition against a direct appeal of the determination to adjudicate, we lack jurisdiction to consider appellant's points.[4]

---

[2] TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon 2006). Although the legislature has since amended this section, the new version applies only to hearings conducted on or after June 15, 2007. Act of May 28, 2007, 80th Leg., R.S., ch. 1308, §§ 5, 53, 2007 Tex. Gen. Laws 4395, 4397, 4413–14.

[3] *E.g.*, *Davis v. State*, 195 S.W.3d 708, 709 (Tex. Crim. App. 2006) (holding that generally "there is no appeal from a trial court's determination to adjudicate guilt because there is a statutory prohibition against it"); *Henderson v. State*, 132 S.W.3d 112, 114 (Tex. App.—Dallas 2004, no pet.); *Abdallah v. State*, 924 S.W.2d 751, 754–55 (Tex. App.—Fort Worth 1996, pet. ref'd).

[4] *See Davis*, 195 S.W.3d at 710; *Trevino v. State*, 962 S.W.2d 176, 177 (Tex. App.—Fort Worth 1998, pet. ref'd).

2

Accordingly, we dismiss the appeal for want of jurisdiction.[5]

PER CURIAM

PANEL A:  CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:  June 5, 2008

---

[5] TEX. R. APP. P. 43.2(f); *see Henderson*, 132 S.W.3d at 114; *Abdallah*, 924 S.W.2d at 755.