COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-232-CR

 

 

STEVEN WAYNE WILSON                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE 271ST DISTRICT COURT OF WISE COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant pleaded guilty to
the offense of aggravated sexual assault of a child on October 2, 2006.  Pursuant to a plea bargain, the trial court
placed appellant on ten years= deferred adjudication.  On
March 22, 2007, the State moved to proceed to adjudication, alleging that
appellant violated the terms and conditions of his community supervision by,
among other things, having contact with an unchaperoned child under the age of
seventeen and accepting and maintaining employment which brought him in contact
with children.  

After a hearing on the State=s motion to adjudicate on May 29, 2007, the trial court found four of
the State=s
allegations to be true, adjudicated appellant guilty of aggravated sexual
assault of a child, and sentenced him to twenty years= confinement.  Appellant
attempts to appeal from this adjudication. 

At the time of the hearing on
the motion to adjudicate, however, Texas Code of Criminal Procedure article
42.12, section 5(b), provided that A[n]o appeal may be taken from this determination [to adjudicate
guilt].@[2]  It is well-settled under this
statute that a defendant has no right to appeal an adjudication of guilt.[3]  Because of this prohibition against a direct
appeal of the determination to adjudicate, we lack jurisdiction to consider
appellant=s points.[4]








Accordingly, we dismiss the
appeal for want of jurisdiction.[5]

 

PER CURIAM

 

PANEL
A:  CAYCE, C.J.; GARDNER and WALKER, JJ.

 

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 5, 2008   
                               











[1]See Tex. R. App. P. 47.4.





[2]Tex. Code Crim. Proc. Ann. art.
42.12, ' 5(b)
(Vernon 2006).  Although the legislature
has since amended this section, the new version applies only to hearings
conducted on or after June 15, 2007.  Act
of May 28, 2007, 80th Leg., R.S., ch. 1308, '' 5, 53, 2007 Tex. Gen.
Laws 4395, 4397, 4413B14. 





[3]E.g., Davis
v. State, 195 S.W.3d 708, 709 (Tex. Crim. App. 2006) (holding that
generally Athere
is no appeal from a trial court=s determination to adjudicate
guilt because there is a statutory prohibition against it@); Henderson
v. State, 132 S.W.3d 112, 114 (Tex. App.CDallas 2004, no pet.); Abdallah
v. State, 924 S.W.2d 751, 754B55 (Tex. App.CFort
Worth 1996, pet. ref=d).





[4]See Davis,
195 S.W.3d at 710; Trevino v. State, 962 S.W.2d 176, 177 (Tex. App.CFort
Worth 1998, pet. ref=d).





[5]Tex. R. App. P. 43.2(f); see Henderson,
132 S.W.3d at 114; Abdallah, 924 S.W.2d at 755.