In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-501 CR


____________________



NAKEESHA DURGAN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 159th District Court


Angelina County, Texas


Trial Cause No. CR-22474






 OPINION 


 This is a plea-bargain case in which the trial court revoked Nakeesha Durgan's 
community supervision and sentenced her to ten years in prison. Durgan raises five appellate
issues. We find we have no jurisdiction over issues one, three, and four. We overrule issues
two and five and affirm the trial court's judgment.



Background


 Pursuant to a plea bargain agreement, Durgan pled guilty to a third-degree felony,
namely, delivery of cocaine in an amount of less than one gram, within 1,000 feet of a
school. See Tex. Health & Safety Code Ann. § 481.112 (a), (b) (Vernon 2003); §
481.134(b) (Vernon Supp. 2005). The trial court accepted Durgan's plea, deferred
adjudicating her guilt, and ordered that she be placed on community supervision for five
years. 

 Approximately two years later, the State filed its first motion to adjudicate guilt and
to revoke community supervision. The State alleged that Durgan committed several
violations of her community supervision order. At the revocation hearing, however, the State
withdrew its motion to revoke. As an additional condition of community supervision, the
trial court ordered Durgan to reside at the "Special Needs Substance Abuse Felony
Punishment Facility" ("Facility") for a period not to exceed one year. The court further
ordered Durgan to participate in a care treatment plan at the Facility and follow the plan's
rules and regulations until discharged by the court. 

 Subsequently, the State filed a motion to proceed with adjudication of guilt, alleging
that Durgan failed to complete the Facility's plan requirements successfully. After finding 
that Durgan violated the terms and conditions of her community supervision, the trial court
revoked her community supervision, found her guilty, and sentenced her to ten years in the
Texas Department of Criminal Justice, Institutional Division. 

 In her motion for new trial, Durgan contended that recently discovered evidence
shows that she has mental and behavioral problems that create an issue of her competency
at the adjudication hearing. The motion also asserted that the verdict was contrary to the law
and evidence under Texas Rule of Appellate Procedure 21.

 At the hearing on the motion for new trial, the court admitted into evidence certain
records. The records contained Durgan's social history, as well as psychological and
developmental assessments that staff members of the Burke Center prepared during a 1993
evaluation of Durgan to determine if she was mentally retarded. Apparently, Durgan applied
for mental retardation services and the application process required the evaluation. The
evaluating team found Durgan to be mentally retarded and recommended referring her for
vocational instruction. 

 The trial judge also heard testimony from several witnesses, including Durgan. 
Before adjourning the hearing, the judge indicated that he intended to review the exhibits
(Durgan's records) before ruling. Three days after the hearing, the trial court denied
Durgan's motion.





Restrictions on Appellate Relief


 "It is well settled that a defendant on deferred adjudication community supervision
may not appeal from the trial court's determination to proceed with an adjudication of guilt
on the original charge." Hargesheimer v. State, 182 S.W.3d 906, 909 (Tex. Crim. App.
2006); see Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2005). (1) "After
adjudication of guilt, the defendant's appeal will be restricted only by Article 42.12 § 5(b),
which prevents him from appealing the trial court's decision to adjudicate guilt in the first
place." Hargesheimer, 182 S.W.3d at 912. Further, deferred-adjudication defendants may
not wait until revocation to appeal matters related to their original plea proceedings. See
Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999) (requiring that appeal of 
issues relating to original plea proceeding occur when deferred adjudication community
supervision is first imposed). 

 However, a plea-bargaining, deferred adjudication defendant may appeal certain
aspects of the punishment phase of her case. See Hogans v. State, 176 S.W.3d 829, 833-34
(Tex. Crim. App. 2005) (citing Kirtley v. State, 56 S.W.3d 48, 51 (Tex. Crim. App. 2001)).
As Hogans explains, appellate courts have jurisdiction over claims that "temporally
arise[] before the act of adjudication if the claim directly and distinctly relates to punishment
rather than to the decision to adjudicate." Hogans, 176 S.W.3d at 830-31.

 In issue one, Durgan asserts that the trial court erred in not having her evaluated to
determine if she was competent "to stand trial for a revocation hearing." However, an appeal
that involves the defendant's competency at the adjudication hearing is an appeal that
involves the trial court's determination of whether to proceed against the defendant with a
"guilty" finding on the original charge. Bearden v. State, 147 S.W.3d 661, 662 (Tex. App.-
Amarillo 2004, no pet.); accord Davis v. State, 141 S.W.3d 694, 697-98 (Tex. App.-
Texarkana 2004, pet. ref'd); Nava v. State, 110 S.W.3d 491, 493 (Tex. App.- Eastland 2003,
no pet.); Arista v. State, 2 S.W.3d 444, 445-46 (Tex. App.- San Antonio 1999, no pet.);
contra Marbut v. State, 76 S.W.3d 742, 746-47 (Tex. App.- Waco 2002, pet. ref'd). Thus,
under article 42.12, we have no jurisdiction over Durgan's attempt to appeal regarding the
issue of the trial court's decision to proceed to adjudicate her guilt on the State's original
charge. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2005). We
dismiss this issue as we have no jurisdiction to consider it. 

 In issue two, Durgan claims her counsel at the revocation hearing was ineffective
because he did not have her evaluated for competency. Durgan did not raise this point in her
motion for new trial and thus presents us with no record established in an evidentiary
hearing. Without such a record, it is difficult for an appellant to prevail on an ineffective
assistance issue. 

 To establish ineffective assistance, an appellant must show that: "1) trial counsel's
performance was deficient because it fell below an objective standard of reasonableness; and
2) a probability sufficient to undermine confidence in the outcome existed that, but for
counsel's unprofessional errors, the result of the proceeding would have been different." 
Rylander v. State, 101 S.W.3d 107, 109-10 (Tex. Crim. App. 2003). However, we may not
speculate as to the reasons for trial counsel's actions; rather, we must be highly deferential
and presume trial counsel's actions fell within the wide range of reasonable and professional
assistance. See Bone v. State, 77 S .W.3d 828, 833 (Tex. Crim. App. 2002). Any allegations
of ineffectiveness must be firmly founded in the record. Id. at 835. Generally, the trial
record will not show whether there were sound reasons or trial strategy justifying counsel's
performance and, thus, will not suffice to establish an ineffective assistance of counsel claim.
Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). 

 As Durgan failed to present her ineffective assistance claim in her motion for new
trial, the trial court did not conduct an evidentiary hearing to explore defense counsel's trial
strategy. Thus, there is no evidence concerning trial counsel's actions. Absent evidence in
the record to the contrary, we presume that counsel's conduct fell within the wide range of
reasonable professional assistance. Id. We find that Durgan failed to establish that her
counsel's assistance was ineffective. Issue two is overruled.

 Issues three and four relate to matters involving Durgan's original guilty plea. In issue
three, Durgan says her 2001 guilty plea was involuntary because she did not understand the
consequences of her plea. In issue four, Durgan makes three arguments related to the "drug-free zone" enhancement paragraph of her original charge. She claims that: (1) the evidence
is insufficient to show that the charged offense occurred in a drug-free zone; (2) she did not
have the capacity to make an informed and intelligent decision on the enhancement
paragraph; and (3) her counsel was ineffective for not investigating the enhancement
paragraph.

 Because Durgan's complaints in issues three and four arise from her original plea,
Texas law requires her to raise these issues in an appeal from the trial court's 2001 order
placing her on deferred adjudication community supervision. See Manuel, 994 S.W.2d at
661-62. Durgan did not file a timely notice of appeal from the order. Therefore, we dismiss
issues three and four for want of jurisdiction.

 Issue five asserts that the trial court entered a cruel punishment and erred in
sentencing Durgan, a mentally retarded person, to the maximum term of confinement.
Durgan argues that the trial court should have sentenced her to a lesser prison term because
she is mentally retarded. She claims the trial court ignored her mental health problems and
her history of other problems. She argues that the maximum sentence she received violates
the constitutional and statutory prohibitions against cruel punishment.

 Durgan failed to preserve these constitutional and statutory claims by not raising them
in the trial court. Our appellate rules require Durgan to make her complaint to the trial court
"by a timely request, objection, or motion." Tex. R. App. P. 33.1(a). When the trial court
announced her sentence, Durgan did not object that the sentence violated her constitutional
or statutory rights. Further, she did not raise these arguments in a post-sentencing motion. 
A defendant may waive the constitutional right to be free from cruel and unusual punishment. 
Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); Nicholas v. State, 56 S.W.3d
760, 768 (Tex. App.- Houston [14th Dist.] 2001, pet. ref'd); Solis v. State, 945 S.W.2d 300,
301 (Tex. App.- Houston [1st Dist.] 1997, pet. ref'd). Durgan does not cite cases that would
show she did not waive her issue five claims. 

 Moreover, Texas courts have traditionally held that, if the assessed punishment is
within the range prescribed by the Legislature in a valid statute, the punishment is not
excessive, cruel, or unusual. See Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App.
1973); Trevino v. State, 174 S.W.3d 925, 928 (Tex. App.- Corpus Christi 2005, pet. ref'd). 
The punishment range for a third-degree felony is not more than ten years or less than two
years. Tex. Pen. Code Ann. § 12.34 (Vernon 2003). Durgan's punishment is within this
range and is not, per se, prohibited as cruel, unusual, or excessive. Further, she does not cite
cases to the contrary. Thus, we decline to find that her punishment is cruel and overrule issue
five.

 We do not rule on issues one, three, and four because we have no jurisdiction to do
so. We overrule issues two and five and affirm the trial court's judgment. 

 DISMISSED IN PART; AFFIRMED IN PART.


 ____________________________

 HOLLIS HORTON

 Justice


Submitted on December 23, 2005

Opinion Delivered May 17, 2006

Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.

DISSENTING OPINION



 I respectfully dissent on issue one. I believe we have jurisdiction to consider the
incompetency of the defendant. A defendant must be competent to stand trial. See Pate v.
Robinson, 383 U.S. 375, 378, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) (citing Bishop v. United
States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956)); Ex parte Hagans, 558 S.W.2d
457, 460-61 (Tex. Crim. App. 1977); Casey v. State, 924 S.W.2d 946, 949 (Tex. Crim. App.
1996) (sentencing). This is an issue of due process as well as statutory provision. Pate, 383
U.S. at 378; see Tex. Code Crim. Proc. Ann. ch. 46B (Vernon Supp. 2005). By statute, a
person is presumed competent to stand trial. Tex. Code Crim. Proc. Ann. art. 46B.003(b)
(Vernon Supp. 2005). Article 46B.004(b) of the Texas Code of Criminal Procedure provides
that "[i]f evidence suggesting the defendant may be incompetent to stand trial comes to the
attention of the court, the court on its own motion shall suggest that the defendant may be
incompetent to stand trial." See Tex. Code Crim. Proc. Ann. art. 46B.004(b) (Vernon
Supp. 2005). On suggestion of a defendant's incompetency, the court "shall determine by
informal inquiry whether there is some evidence from any source" that defendant is
incompetent to stand trial. Tex. Code Crim. Proc. Ann. art. 46B.004(c) (Vernon Supp.
2005). The competency inquiry and any further required competency proceedings under
chapter 46B are separate and distinct from the decision to proceed with an adjudication of
guilt under article 42.12, section 5(b). See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b)
(Vernon Supp. 2005). A trial court cannot proceed to adjudicate the guilt or punishment of
someone who has already been adjudicated an incompetent person without first determining
competency; two courts have held that proceeding to do so without a competency
determination is appealable notwithstanding article 42.12, section 5(b). See Bradford v.
State, 172 S.W.3d 1, 4-5 (Tex. App.--Fort Worth 2005, no pet.) (previous determination of
incompetency); Byrd v. State, 719 S.W.2d 237, 238 (Tex. App.--Dallas 1986, no pet.)
(previous determination of incompetency). I believe the same is true of someone who is, in
fact, incompetent to stand trial even if that fact has not yet been adjudicated. See Tex. Code
Crim. Proc. Ann. art. 46B.004 (Vernon Supp. 2005); but see Bradford, 172 S.W.3d at 3-4
(distinguishing cases where defendant had not been adjudicated incompetent or had been
adjudicated competent). Because I believe the competency inquiry is a separate and distinct
issue from the decision to adjudicate guilt, I would hold the issue of competency is
appealable notwithstanding article 42.12, section 5(b) of the Code of Criminal Procedure.

 ___________________________

 DAVID GAULTNEY

 Justice


Dissent Delivered May 17, 2006

Publish



1. Article 42.12, section 5(b) states: 


 On violation of a condition of community supervision imposed under Subsection (a) of this
section, the defendant may be arrested and detained as provided in Section 21 of this article.
The defendant is entitled to a hearing limited to the determination by the court of whether
it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from
this determination.


Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2005).