In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-472 CR


NO. 09-05-473 CR


____________________



TRACY SCOTT HERGERT, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 88998 and 89092






OPINION


 Tracy Scott Hergert appeals his convictions for burglary of a building (Cause No.
88998) and forgery (Cause No. 89092). In accordance with plea bargain agreements, the
trial court deferred adjudication of guilt and placed Hergert on community supervision in
each case. The State subsequently moved to adjudicate. Hergert pled true to violating the
terms of the community supervision order by failing to complete a court-ordered program
at a Substance Abuse Felony Punishment Facility ("SAFPF"). The trial court proceeded
with an adjudication of guilt and sentenced Hergert to two year terms of confinement in
each case, and ordered that the sentences be served consecutively. Adjudication and
sentencing occurred in the course of a single hearing. On appeal, the appellant complains
that the trial court was unconstitutionally biased, that his trial counsel was
unconstitutionally ineffective, and that the sentences imposed are unconstitutionally cruel. 
To the extent we are vested with appellate jurisdiction to review these complaints, we hold
the proceedings withstand constitutional scrutiny and affirm the judgments. First,
Hergert contends the trial court failed to function as an impartial tribunal for sentencing
purposes. The appellant concedes he did not raise this complaint at trial but contends on
appeal that because the alleged error is "fundamental (structural)," no objection is required
to preserve the issue for appeal. The United States Supreme Court recognized that a trial
before a biased trial judge presents a structural error. See generally Tumey v. Ohio, 273
U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927). (1) The term "structural error" identifies a
concept relating to harm analysis, not preservation of error. Hergert's complaint is more
precisely classified as a claimed violation of a systemic requirement. (2) 

That an error might be systemic, and therefore exempt from procedural default under state
law, is a different issue than whether the error is cognizable on direct appeal from a
conviction following deferred adjudication of guilt. For instance, denial of counsel is both
systemic error and structural error; however, denial of counsel in a deferred adjudication
hearing is not appealable. Compare Gideon v. Wainwright, 372 U.S. 335, 344-45, 83
S.Ct. 792, 9 L.Ed.2d 799 (1963), and United States v. Cronic, 466 U.S. 648, 659, 104
S.Ct. 2039, 80 L.Ed.2d 657 (1984), with Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim.
App. 1992). (3) The statutory limitation on this appeal is explained in Hogans v. State, 176
S.W.3d 829, 832-33 (Tex. Crim. App. 2005) as follows:

 Under Article 42.12, Section 5(b) of the Code of Criminal
Procedure,[ (4)] if the defendant violates a condition of deferred-adjudication
community supervision, he is entitled to a hearing "limited to the
determination by the court of whether it proceeds with an adjudication of
guilty on the original charge. No appeal may be taken from this
determination." The Texas Legislature has decreed that the courts of appeals
do not have jurisdiction to consider claims relating to the trial court's
determination to proceed with an adjudication of guilt on the original charge. 
Thus, if an appeal raises a claim of purported error in the adjudication of
guilt determination, a court of appeals should dismiss that claim without
reaching the merits.

 However, that same statute continues: "After an adjudication of guilt,
all proceedings, including assessment of punishment, pronouncement of
sentence, granting of community supervision, and defendant's appeal
continue as if the adjudication of guilt had not been deferred." In Issa v.
State[ (5)] we held that when "a trial court finds that an accused has committed
a violation as alleged by the State and adjudicates a previously deferred
finding of guilt, the court must then conduct a second phase to determine
punishment."


 Thus, the defendant is entitled to a punishment hearing after the
adjudication of guilt, and the trial judge "must allow the accused the
opportunity to present evidence" in mitigation of punishment. In later cases,
however, we decided that this requirement is satisfied as long as the
defendant has an opportunity to present evidence in mitigation of guilt, either
before or after adjudication. For example, we stated in Pearson v. State,[ (6)]
"It is immaterial that the opportunity to present evidence came before the
actual words of adjudication."


 Thus, "although an appellant cannot appeal the trial court's decision
to adjudicate guilt, an appellant sentenced under a guilty plea agreement can
appeal aspects of the 'second phase to determine punishment.'"
Consequently, while a defendant may not raise on direct appeal a claim of
ineffective assistance (or even an absence) of counsel that allegedly occurred
at the proceeding to adjudicate guilt, he may raise on direct appeal a claim
of ineffective assistance that allegedly occurred at the punishment
proceeding. 


 Only claims that directly and distinctly concern the punishment phase of the
adjudication proceedings are subject to review on direct appeal. 176 S.W.3d at 834. A
close examination of the record demonstrates that Hergert's complaint regarding the
judge's comments does not relate directly and distinctly to punishment but concerns the
decision to adjudicate. During the hearing, defense counsel informed the trial court that
Hergert wanted to address the court as to his reasons for leaving the SAFPF. Appellant
addressed the court as follows:

 THE COURT: Go ahead.

 THE DEFENDANT: Yes, sir. I got to SAFPF or I got to county jail
and I was looking forward to going to SAFPF. I was going to go do the
program and I got there and it really didn't seem to be addressing my needs,
the addiction needs that I had. So, the way the program is set up was that
you go to group four times a day, four hours a day in the mornings. It's like
a pep rally, kind of, do world to world and recognize - -


 THE COURT: I'm not trying to be rude, but you're boring me with
all that. I don't care to know.


 THE DEFENDANT: I didn't think it was addressing my needs.


 THE COURT: I don't care to know what your personal opinion about
the program is because it does work for a lot of people. What else do you
have to say?


 THE DEFENDANT: Just at this time, I'm asking you to consider
revoking my probation and give me the minimum sentence you think is fair.


 THE COURT: Okay. [emphasis added]


 The appellant casts the trial judge's comments as a refusal to consider proffered
punishment evidence. However, we view the trial judge's statements as an articulation that
the appellant's explanation for his failure to complete the program was unpersuasive. 
Appellant contends the comments demonstrate that he was deprived of a meaningful
opportunity to present mitigating evidence in punishment and the trial judge did not
function as a neutral, detached officer; however, his comments relate exclusively to the
appellant's failure to complete the drug treatment program. That failure happens to be the
State's sole ground for revoking the community supervision orders and proceeding with
adjudication of guilt. Although the appellant, in effect, asked the trial court to consider
the program's shortcomings in mitigation of punishment, the trial court's comments
regarding the weight of that evidence directly affected the decision to adjudicate. 
Furthermore, by expressly asking Hergert, "What else do you have to say?", the trial
judge clearly presented Hergert with an opportunity to present additional evidence in
punishment. We overrule the appellant's complaints in issues one and two. 

 In his third issue, Hergert contends that trial counsel was ineffective because during
the hearing he did not object to the trial court's refusal and failure to consider mitigating
evidence. Hogans directly addressed a claim of ineffective assistance of counsel on
punishment. 176 S.W.3d at 835. The Court of Criminal Appeals held that the Court of
Appeals properly dismissed the appeal because the appellate claim of ineffective assistance
in calling appellant's children as witnesses during the adjudication hearing did not directly
and distinctly affect only the punishment phase of the proceeding. Id. at 835-36. Hogans
involved separate adjudication and punishment hearings and Hergert had a unitary
proceeding, but the "temporal occurrence" did not affect the Court's analysis in Hogans. 
Id. at 836. In Hergert's cases, the claim of ineffectiveness concerns the trial court's
reception of evidence directly affecting the decision to adjudicate. Article 42.12, section
5(b) precludes us from addressing the issue on direct appeal.

 In his fourth issue, Hergert contends the individual sentence in each case and the
cumulated sentences constitute cruel and unusual punishment under both the federal and
state constitutions. See U.S. Const. amend. VIII; Texas Const. art. I, § 13. Hergert
did not raise the issue in the trial court. On appeal, he does not contend that cumulated
two-year sentences are not within the range permitted by the applicable statutes: he argues
each sentence is disproportional considering the underlying facts of each case and the fact
that he is a skilled, college-educated person. Appellant contends he committed his crimes
because he has a twenty-five year history of drug and alcohol abuse compounded by mental
illness. He agreed to drug treatment and asked to be removed from the program because
it did not address his chemical dependency needs. Given his cooperation in the
prosecutions, Hergert argues, the sentences are unconstitutionally cruel. 

 We recently held that the failure to raise an Eighth Amendment claim in the trial
court waives the error. Durgan v. State, No. 09-04-501-CR, 2006 WL 1359620, at *4
(Tex. App.--Beaumont May 17, 2006, no pet. h.) (citing Curry v. State, 910 S.W.2d 490,
497 (Tex. Crim. App. 1995)). Durgan was also a deferred adjudication appeal in which
the appellant failed to complete SAFPF. Id. at *1. "For error to be preserved for appeal,
the record must show appellant made a timely request, objection, or motion." Castaneda
v. State, 135 S.W.3d 719, 723 (Tex. App.--Dallas 2003, no pet.) (federal constitutional
claim); see also Holley v. State, 167 S.W.3d 546, 549 (Tex. App.--Houston [14th Dist.]
2005, pet. ref'd) (state and federal disproportionate sentence claim); Nunez v. State, 117
S.W.3d 309, 320 (Tex. App.--Corpus Christi 2003, no pet.) (7) (cruel-and-unusual and
disproportionate sentence claim); Jacobs v. State, 80 S.W.3d 631, 632-33 (Tex. App.--Tyler 2002, no pet.) (state constitutional claim); Tex. R. App. P. 33.1. Hergert did not
object to the sentences allegedly violating his state or federal constitutional rights when he
was sentenced or in post-trial motions. Because the issue is not preserved for appellate
review, Issue Four is overruled.

 Finally, Hergert contends he received ineffective assistance at the punishment phase
of the proceedings because counsel failed to preserve the error raised in Issue Four. 
Hergert suggests his drug problem and his failure to complete drug treatment somehow
lessen rather than exacerbate his culpability for the burglary and forgery offenses, and
argues counsel was ineffective for failing to object to the cumulation order and for failing
to develop a record to support a disproportional sentence claim under Harmelin v.
Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), and Solem v. Helm,
463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). (8) To support his
disproportional sentence claim, Hergert directs this Court to the page in the clerk's record
in which the administrative hearing officer reported to the trial court that Hergert "insisted
to me that he did not want to do this program any longer and that he figured he would do
less time by finishing his State Jail sentence than by staying with this program to
completion." Appellant does not present a statutory or procedural bar to cumulating the
sentences, and he does not explain how the fact that he gave up his opportunity to avoid
conviction and punishment for his admittedly drug-related crimes impacts the severity of
the sentences imposed by the trial court.

 Significantly, Hergert did not develop a record supporting his ineffective assistance
claim on motion for new trial. See Durgan, 2006 WL 1359620 at *3. "Absent evidence
in the record to the contrary, we presume that counsel's conduct fell within the wide range
of reasonable professional assistance." Id. (citing Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999)). As is usually the case on direct appeal, the trial record does
not reveal whether there could have been sound reasons or trial strategy to justify counsel's
performance. Id. The records in Hergert's cases do not establish deficient performance
by trial counsel. Issue Five is overruled. The judgments are affirmed.

 AFFIRMED.





 ______________________________

 STEVE McKEITHEN

 Chief Justice


Submitted on May 31, 2006

Opinion Delivered June 28, 2006

Publish

Before McKeithen, C.J., Kreger and Horton, JJ.



CONCURRING OPINION



 Hergert complains that during the course of a combined adjudication-punishment
hearing the judge exhibited bias. He further contends he should not be sentenced by a biased
judge. The majority holds that we cannot review the error because the evidence to which
Hergert points is not directly, distinctly, and only related to punishment, and cites Hogans
v. State, 176 S.W.3d 829 (Tex. Crim. App. 2005) as authority for the test it applies. 

 I disagree that we cannot review Hergert's alleged error on appeal. I further disagree
that Hogans holds that the proffered evidence must relate only to punishment before the
complaint is cognizable on appeal. In my opinion, Hergert's complaint that a biased trial
judge sentenced him directly and distinctly relates to punishment. 

 The hearing in this case was both an adjudication and punishment hearing. Often in
reviewing a hearing transcript, an appellate court may have difficulty in parsing the motives
of the attorneys offering the evidence, the reasons the trial judge may have considered certain
evidence relevant, or irrelevant, or the weight given by the trial court to the proffered
evidence, if any, in its decision to adjudicate. Under the majority's interpretation of Hogans,
the evidence must not only directly and distinctly relate to punishment, but be directly,
distinctly, and solely related to punishment.

 If the Court of Criminal Appeals standard requires that the proffered evidence be
solely relevant to punishment and without any relevance to adjudication, it would not have
been necessary that the Court analyze whether the allegation of ineffective assistance in
Hogans was "rooted" in the adjudication hearing. See Hogans, 176 S.W.3d at 834. 
Additionally, the Hogans Court criticized as "too extreme" the State's position that the
defendant could not assert that the proffered evidence related to his punishment because he
offered the evidence in the adjudication phase. Id. at 833. The majority's analysis here,
requiring that the proffered evidence be solely relevant to punishment, is just as extreme.

 Under the circumstances in Hogans, the Court of Criminal Appeals held that the
proffered evidence was directly and distinctly related to the decision to adjudicate, and not
to the assessment of punishment. Id. at 836. In Hogans, the defendant contested the grounds
of the State's claim that he violated the terms of the court's community supervision order.
Id. at 831. Thus, the issue of whether Hogans violated the community supervision order was
a viable issue. The evidence in issue, testimony from Hogans's children that tended to rebut
his self-defense claims, occurred during the adjudication phase of his case. 

 In my opinion, Hogans requires that appellate courts examine the record and make a
judgment regarding whether the trial judge considered the evidence for purposes of
adjudicating guilt, or for purposes of adjudicating punishment. Under Hogans, the alleged
error is cognizable on appeal if "the asserted error [] directly and distinctly concern[s] the
second phase; [and] the claim must, on its face, relate to the sentence imposed, not the
decision to adjudicate." Id. at 834. 

 In the case before us, Hergert pled true to violating the terms of the community
supervision order by failing to complete a court-ordered program at SAFPF. Thus, his
innocence was not a viable issue. At the hearing, but prior to the judge's making an
adjudication decision, Hergert's attorney requested that the court allow Hergert to explain
why he did not comply with the terms established for his deferred adjudication. After
offering his explanation, Hergert said, "I'm asking you to consider revoking my probation
and give me the minimum sentence you think is fair." Short of Hergert's attorney stating that
the proffered evidence was offered solely on the issue of Hergert's punishment, I cannot
imagine how it could be clearer that the purpose of the proffered evidence was for the court's
consideration in assessing Hergert's punishment.

 The majority holds that because the judge could have theoretically considered this
same evidence in adjudicating Hergert's guilt, the evidence does not separately and
distinctly relate to punishment. I concede that in a theoretical sense this evidence could be
relevant to the trial court's decision to adjudicate, but in reality, it was not because Hergert
pled true to the State's allegations. In my opinion, Hogans only requires that appellate courts
make a judgment about whether the evidence directly and distinctly, but not solely, relates
to punishment. My judgment is that Hergert's complaint directly and distinctly relates to
punishment, so I disagree that we cannot review Hergert's claim on appeal.

 Although I would hold that a claim that a trial court is biased directly and distinctly
relates to punishment, and disagree with the majority that Hergert's claim is not subject to
our review, the record does not show bias sufficient to constitute a violation of Hergert's
right to due process. The trial court's comments in response to Hergert's explanation for not
completing his treatment program do not demonstrate any improper or prohibited bias of the
trial court sufficient to constitute a denial of Hergert's due process rights. Wesbrook v. State,
29 S.W.3d 103, 121 (Tex. Crim. App. 2000). "Bias must come from an extrajudicial source
and result in an opinion on the merits of the case other than what the judge learned from
participation in the case." Grimes v. State, 135 S.W.3d 803, 819 (Tex. App. - Houston [1st
Dist.] 2004, no pet.); Rosas v. State, 76 S.W.3d 771, 774 (Tex. App.- Houston [1st Dist.]
2002, no pet.). As a result, I agree that the judgment should be affirmed.



 ____________________________

 HOLLIS HORTON

 Justice


Concurrence Delivered June 28, 2006

Publish
1. In Tumey a mayor held a direct pecuniary interest in obtaining convictions in the court
where he presided because the fines paid funded his budget. 273 U.S. at 520, 535.
2. "A 'systemic requirement' (also known as an 'absolute requirement or prohibition') is a
law that a trial court has a duty to follow even if the parties wish otherwise. Any party that is
entitled to appeal may complain on appeal that such a requirement was violated, even if the party
failed to complain about the failure or waived the application of the law." Mendez v. State, 138
S.W.3d 334, 340 (Tex. Crim. App. 2004). 
3. As an aside, we note that the failure to appoint counsel for an indigent defendant who had
not waived the right to counsel is one of the four enumerated examples of the "void judgment
exception" to the general rule that error in the original plea hearing cannot be raised on appeal
following adjudication. Nix v. State, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001); Manuel v.
State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). Hergert's complaints concern the
adjudication hearing, not the plea hearing, and do not implicate the void judgment exception
recognized in Nix.
4. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2005). 
5. Issa v. State, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992). 
6. Pearson v. State, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999). 
7. The Corpus Christi Court of Appeals overruled Nunez in part on other grounds in Resendez
v. State, 160 S.W.3d 181, 186 (Tex. App.--Corpus Christi 2005, no pet.). 
8. We questioned the continued viability of Solem in Mathews v. State, 918 S.W.2d
666, 668-69 (Tex. App.--Beaumont 1996, pet. ref'd).