IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1069-06






NAKEESHA DURGAN, Appellant



v.



THE STATE OF TEXAS






ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FROM THE NINTH COURT OF APPEALS

ANGELINA COUNTY




 Keasler, J., filed a dissenting opinion.


D I S S E N T I N G O P I N I O N 



 I respectfully dissent. The majority's holding that the court of appeals erred in holding
that it lacked jurisdiction to consider Durgan's competency claim under Texas Code of
Criminal Procedure Article 42.12, Section 5(b) is at odds with our case law interpreting the
prohibition against appeal from a trial judge's determination to proceed with adjudication of
guilt.

 The Due Process Clause to the United States Constitution prohibits the conviction of
an incompetent defendant. (1) The standard for determining competency is whether the defendant
"'has sufficient present ability to consult with his lawyer with a reasonable degree of rational
understanding and a rational as well as factual understanding of the proceedings against him.'" (2) 
A trial judge is required to inquire into competency if the trial judge has reason to doubt a
defendant's competence. (3) Competency to stand trial cannot be forfeited or waived by an
incompetent defendant. (4) 

 Article 42.12, Section 5 governs community supervision when adjudication of guilt is
deferred. (5) Subsection (b) of Section 5 addresses revocation of community supervision, 
adjudication of guilt, and the right to appellate review. When a defendant violates a condition
of community supervision, the defendant "is entitled to a hearing limited to the determination
by the court of whether it proceeds with an adjudication of guilt on the original charge." (6) The
United States and Texas Constitutions do not provide a right to appellate review of state
criminal convictions; the Texas Legislature establishes when a defendant will have the right to
appellate review. (7) With regard to a trial judge's determination to proceed with adjudication of
guilt, the Legislature has said, "No appeal may be taken from this determination." (8) "After an
adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of
sentence, granting of community supervision, and defendant's appeal continue as if the
adjudication of guilt had not been deferred." (9) Thus, a defendant has the right to appeal "aspects
of the 'second phase to determine punishment.'" (10) On appeal, courts "'must sort out various
rulings a trial court may make in the course of a deferred adjudication proceeding to determine
those which the Legislature provided the right to appeal.'" (11) In several cases, we have
identified particular claims that are barred by the prohibition against appeal from the trial
judge's determination to proceed with adjudication of guilt. 

 In Williams v. State, we held that we did not have jurisdiction to consider the appellant's
claim that the evidence was insufficient to revoke probation and adjudicate guilt. (12) We
reasoned that "the statute clearly provides that the trial court's decision to proceed with an
adjudication of guilt, is one of absolute discretion and not reviewable . . . ." (13) We reaffirmed
this determination in Wright v. State, (14) Shields v. State, (15) and Daniels v. State. (16) 

 In Phynes v. State, we held that the court of appeals correctly determined that it did
not have jurisdiction to consider the appellant's claim that he was denied his right to counsel
at the adjudication hearing. (17) 

 Less than a month after Phynes, in Olowosuko v. State, we held that the court of
appeals's dismissal of the appellant's claims challenging the trial court's decision to proceed
with adjudication of guilt was correct. (18) Before the Dallas Court of Appeals, the appellant
claimed that: (1) the trial judge erred in denying his motion to quash the State's motion to
revoke; (2) the condition of probation was vague and indefinite; and (3) the trial court abused
its discretion by adjudicating him guilty. (19) We concluded that the appellant's claims did not
challenge "the judgment of the trial court" and that "the Legislature meant what it said in
Article 42.12, Section 5(b): 'No appeal may be taken from this determination to proceed with
adjudication of guilt.'" (20)

 In Connolly v. State, we relied on Williams, Phynes, and Olowosuko in holding that 
"Article 42.12, § 5, prohibited the appellant from raising a claim of error (insufficiency of the
evidence to prove due diligence [to apprehend him and hold a revocation hearing]) in the
adjudication of guilt process." (21) 

 More recently, in Hogans v. State, we held that "a court of appeals has jurisdiction to
consider the merits of a claim that temporally arises before the act of adjudication if the claim
directly and distinctly related to punishment rather than the decision to adjudicate." (22) 

 There, the appellant claimed that his adjudication counsel rendered ineffective
assistance by calling his children to testify during the adjudication hearing. (23) The appellant
asserted that counsel's ineffective assistance "affected his rights in the punishment phase." (24) 
We observed that, although a defendant cannot raise an ineffective assistance of counsel claim
relating to the adjudication of guilt under Phynes, (25) a defendant may raise an ineffective
assistance of counsel claim relating to the punishment proceeding. (26) We recognized that
evidence presented for purposes of adjudication may be considered when assessing
punishment, especially where the adjudication and sentencing hearings are not
compartmentalized. (27) We said that "evidence and procedures that relate directly and distinctly
to the sentence imposed are cognizable on direct appeal when the events themselves occur
before the magic words 'I find you guilty.'" (28) But we advised, "The fact that a defendant may
appeal sentencing claims that temporally occur during adjudication 'proceedings' does not give
an appellate court jurisdiction to consider any issue framed as a punishment issue." (29) 

 In evaluating the appellant's specific claim of ineffective assistance, we determined that
it did "not directly and distinctly affect only the 'second phase'" because the trial judge
considered the testimony from the appellant's children when adjudicating guilt. (30) We reasoned,
"The fact that evidence may be probative to both the decision to adjudicate and to the
assessment of an appropriate punishment does not convert adjudication evidence into
punishment evidence." (31) 

 Finally, in Davis v. State, the appellant claimed that the trial court did not have
jurisdiction to adjudicate guilt because he did not have counsel when the trial court extended
the term of his supervision. (32) Based on this, the appellant alleged that both the extension and
adjudication were void. (33) The court of appeals held that the adjudication was void because it
"occurred outside of the authorized period of supervision[.]" (34) Reversing the court of appeals,
we held that the language prohibiting an appeal from the determination to adjudicate guilt in
Section 5(b) does not contain a jurisdictional exception. (35) In doing so, we stated: "A
jurisdictional attack on the trial court's determination is still an attack on that determination,
and it may not be advanced on appeal." (36)

 Without discussing these cases, the majority holds that appellate courts have
jurisdiction to review a claim of incompetency at adjudication because competency is 
"separate and distinct from the decision to adjudicate." (37) I disagree and would affirm the court
of appeals's determination that "an appeal that involves competency at the adjudication hearing
is an appeal that involves the trial court's determination of whether to proceed against the
defendant with a 'guilty' finding on the original charge." (38) 

 The issue of competency at the time of the adjudication hearing is part of the trial
judge's determination to proceed with adjudication of guilt and therefore is not appealable.
When a trial judge finds a defendant competent, that finding, like jurisdiction (39) and sufficiency
of the evidence to support an alleged violation by a preponderance of the evidence, (40) is one
decision among multiple decisions that a trial judge will make in his or her overall
determination whether to proceed with adjudication of guilt. (41) And when a trial judge finds a
defendant incompetent, he or she cannot proceed with adjudication of guilt. (42) Therefore, when
finding incompetency, a trial judge has made a determination of whether to proceed with
adjudication of guilt by concluding that proceeding with adjudication of guilt is prohibited. So
under Article 42.12, Section 5(b), a challenge to a trial judge's competency determination
constitutes an attack on the trial judge's determination to adjudicate guilt and therefore cannot
be appealed. A defendant, however, is not left without any opportunity to seek relief--such
a challenge may be raised on an application for post-conviction writ of habeas corpus. (43) 


DATE DELIVERED: November 7, 2007

PUBLISH 

 

 
1. Pate v. Robinson, 383 U.S. 375, 378 (1966).
2. Cooper v. Oklahoma, 517 U.S. 348, 354 (1996) (quoting Dusky v. United States,
362 U.S. 402, 402 (1960) (per curiam)).
3. Robinson, 383 U.S. at 385. 
4. Id. at 384; see also Marin v. State, 851 S.W.2d 275, 278-80 (Tex. Crim. App.
1993).
5. Tex. Code Crim. Proc. Ann. art. 42.12 § 5 (Vernon 2006).
6. Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b).
7. Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Marin, 851 S.W.2d at
277-78.
8. Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b). 
9. Id.
10. Hogans v. State, 176 S.W.3d 829, 833 (Tex. Crim. App. 2005) (citing Kirtley v.
State, 56 S.W.3d 48, 51 (Tex. Crim. App. 2001)).
11. Davis v. State, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006) (quoting
Olowosuko v. State, 826 S.W.2d 940, 941 (Tex. Crim. App. 1992)). 
12. 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979).
13. Id. 
14. 592 S.W.2d 604, 605-06 (Tex. Crim. App. 1980).
15. 608 S.W.2d 924, 927-28 (Tex. Crim. App. 1980).
16. 615 S.W.2d 771, 771 (Tex. Crim. App. 1981).
17. 828 S.W.2d 1, 2-4 (Tex. Crim. App. 1992). 
18. 826 S.W.2d at 941-42. 
19. Olowosuko v. State, No. 5-90-00105-CR (Tex. App.--Dallas Dec. 4, 1990) (per
curiam) (not designated for publication). 
20. Olowosuko, 826 S.W.2d at 942.
21. 983 S.W.2d 738, 741 (Tex. Crim. App. 1999). 
22. 176 S.W.3d at 830. 
23. Id. at 832.
24. Id.
25. Id. at 833 (citing Phynes, 828 S.W.3d at 2; Olowosuko, 826 S.W.2d at 942 n.2).
26. Id. (citing Kirtley, 56 S.W.2d at 51). 
27. Id. at 833-34, 835. 
28. Id. at 834.
29. Id. 
30. Id. at 835.
31. Id. 
32. Id. at 709.
33. Id. 
34. Id. at 710.
35. 195 S.W.3d at 709, 712.
36. Id. 
37. Ante, slip op. at 5.
38. Durgan v. State, 192 S.W.3d 884, 887 (Tex. App.--Beaumont 2006).
39. Davis, 195 S.W.3d at 712.
40. Williams, 592 S.W.2d at 932-33. 
41. Connolly, 983 S.W.2d at 741 (stating that the trial judge's "decision on due
diligence issue was merely part of its decision to revoke and proceed to judgment[.]"); 
Phynes, 828 S.W.2d at 2-4.
42. Robinson, 383 U.S. at 378.
43. Davis, 195 S.W.3d at 713 (Cochran, J., concurring); see also Cooper v. State, 45
S.W.3d 77, 82 (Tex. Crim. App. 2001) (stating that a plea-bargaining defendant may
challenge the voluntariness of his or her plea on habeas even though Rule 52.2(b) prohibits
such a claim on direct appeal).