IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. PD-1069-06






NAKEESHA DURGAN, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE NINTH COURT OF APPEALS


ANGELINA COUNTY





 Johnson, J., delivered the opinion of the Court in which Meyers, Price,
Hervey, Holcomb and Cochran, JJ., joined. Keller, P.J., filed a concurring
opinion. Keasler, J., filed a dissenting opinion. Womack, J. did not participate.


O P I N I O N



 In 2001, appellant plead guilty to delivery of less than one gram of cocaine in a drug-free zone, i.e.
within 1,000 feet of the premises of an elementary school. Pursuant to a plea agreement, the trial court
deferred appellant's adjudication and placed her on five years' community supervision. The terms of
supervision included a requirement that appellant take any medication prescribed by the Mental
Health/Mental Retardation Center or by her physician, and that she submit to a "TAIP Evaluation and any
recommended treatment program that they recommend[.]" Approximately two years later, the state filed
a motion to adjudicate based on allegations that appellant had violated her community supervision. As part
of an order imposing additional terms of supervision, the trial court ordered appellant to reside in a "Special
Needs Substance Abuse Felony Punishment Facility" for a period not to exceed one year and continued
her on supervision. In 2004, the state filed a second motion to adjudicate, which alleged that appellant had
failed to attend and successfully complete the substance-abuse-treatment facility's requirements. The trial
court found that appellant had violated the terms and conditions of her community supervision as alleged,
found her guilty, and sentenced her to ten years' imprisonment.

 Appellant filed a motion for reconsideration, or in the alternative, a new trial. That motion asserted
that the judgment and sentence should be set aside and a new trial granted because new and material
evidence showing appellant's history of mental and behavioral problems had been discovered since trial,
and that, pursuant to Tex. Code Crim. Proc. article 46B.003, such evidence raised an issue regarding
whether appellant was competent at the time of the hearing on the motion to adjudicate guilt. During a
hearing on the motion for new trial, the trial court admitted into evidence records which "consist of several
evaluations, psychologicals, social history, and developmental assessments" concerning appellant's status,
and all of which included an introductory heading of "Determination of Mental Retardation." The trial judge
also heard testimony from several witnesses, some of whom supported a conclusion of mild to moderate
mental retardation for appellant. After the hearing, the trial court denied appellant's motion and entered
an order reflecting that appellant's motion be in all things denied.

 On appeal, appellant raised several points of error, including a claim that the trial court erred in not
having appellant evaluated to determine if she was competent to answer the allegations raised during a
revocation hearing. The court of appeals held that an appeal that involves the defendant's competence at
the adjudication hearing is an appeal that involves the trial court's determination of whether to proceed with
adjudication and dismissed the issue because Article 42.12, § 5(b), precludes an appeal of a trial court's
decision to adjudicate guilt. Durgan v. State,192 S.W.3d 884, 887 (Tex. App.-Beaumont 2006).

Ground for Review


 We granted appellant's sole ground for review. Appellant asserts that "the [c]ourt of [a]ppeals
erred in not considering the competency of the defendant or staying the proceedings for the purpose of
conducting a competency review by an expert at the time the trial court was placed on notice that she
lacked the competency to stand trial or assist her counsel in the hearing." Based on the arguments in
appellant's brief, we interpret this ground as alleging that the court of appeals had jurisdiction to consider
her competence claim and should have considered its merits.

Argument


 Appellant contends that the court of appeals and the trial court erred by not considering the issue
of her competence under Chapter 46B of the Code of Criminal Procedure. She argues that, while under
Chapter 46B the legislature "has mandated to the courts a duty to conduct an informal inquiry whether there
is some evidence from any source that the defendant is incompetent to stand trial," if the defendant accepts
deferred adjudication "the Legislature has taken away the [d]efendant's ability to appeal the failure of the
trial court to follow through with its mandated duty to determine if a defendant is incompetent."

 She argues that the competence inquiry and any further required competence proceedings under
Chapter 46B are separate and distinct from the decision to proceed with an adjudication of guilt, and there
is no less a duty for the court to follow Article 46B.004(c)'s directive that "[o]n suggestion that the
defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is
some evidence from any source that would support a finding that the defendant may be incompetent to
stand trial." She asserts that these dual statutory duties should have separate appellate review, lest
incompetent persons be adjudicated guilty of crimes without due-process protection. Appellant asserts that
there is no conflict in the law, but rather that "[t]here are constitutional due process protections to insure
that only competent persons are adjudicated guilty of crimes." She adds that, in this case, her constitutional
rights "were violated when the trial court failed to stay the proceeding to have her examined[,] and the
appellate court erred by not reviewing this issue."

 The state argues that, pursuant to Tex. Code Crim. Proc. art. 42.12 § 5(b), appellant is
precluded from appealing the trial court's decision to adjudicate guilt following deferred-adjudication
community supervision. It asserts that, therefore, the court of appeals correctly determined that it could
not consider appellant's claim because it required a review of a decision to adjudicate.

Analysis


 Article 42.12 § 5(b) does preclude appellate review of a decision to adjudicate; upon violation of
a condition of deferred-adjudication community supervision, a defendant is entitled to a hearing limited to
the court's determination of whether it should proceed with an adjudication of guilt on the original charge,
and "[n]o appeal may be taken from this determination." (1) We have held that if an appeal raises a claim of
purported error in the decision to adjudicate guilt, a court of appeals should dismiss that claim without
reaching the merits. Hogans v. State, 176 S.W.3d 829, 832 (Tex. Crim. App. 2005). Section 5 does
not, however, bar review of complaints that do not challenge the decision to adjudicate. See, e.g.,
Hargesheimer v. State, 182 S.W.3d 906, 909 (Tex. Crim. App. 2006).

 An assertion that a defendant was not competent at the time of the adjudication hearing is such a
complaint; it raises a preliminary due-process issue that must be resolved before the adjudication process
may begin. (2) The adjudication process begins when the state files a motion to adjudicate, a motion that is
based on an alleged violation of the terms or conditions of the deferred adjudication. The status of being
incompetent is not a violation of a term or condition of community supervision and cannot, therefore, be
the basis for a motion to adjudicate. If incompetence cannot be the basis for a motion to adjudicate, it
cannot be the basis for a decision to adjudicate. (3) It is thus separate and distinct from the decision to
adjudicate. Because it is a separate and distinct inquiry, the court of appeals has jurisdiction to resolve the
issue.

 With respect to its decision regarding its lack of jurisdiction over appellant's competence claim,
we reverse the judgment of the court of appeals and remand to that court to consider the merits of
appellant's competence claim.


Delivered: November 7, 2007

Publish
1. An amendment to this statute in 2007 removed this limitation and permits an appeal of a court's decision
to proceed to an adjudication of guilt. SB 909, 80th Leg., Reg. Sess. (Tex.2007), effective June 15, 2007.
2. See Cooper v. Oklahoma, 517 U.S. 348, 354 (1996).
3. This is not to say that, if the terms and conditions of deferred adjudication require participation in therapy
programs designed to restore and maintain competence, failure to participate in those programs cannot be a basis for
proceeding to adjudication.